| 43 | 439 |
|----|-----|
| 83 | 401 |
| 43 | 439 |
| 94 | 406 |

## WADSWORTH & Co. v. SMITH ET AL.

1. **Contract:** GUARANTY: CONSTRUCTION OF. A written guaranty for the payment of a promissory note was qualified by the condition that payment would be made by the guarantor out of any funds of the maker which might come into his hands as assignee of the latter: *Held*, that the qualification did not restrict the liability of the grantor, even though he was instructed by the attorney of the payee that it would have that effect and signed the instrument with that belief.

*Appeal from Scott District Court.*

MONDAY, JUNE 12.

ACTION upon a promissory note made by defendant Smith. Recovery is sought against the other defendant Bairley, upon a written guaranty for the payment of the note. Bairley by his answer set up an equitable defense and claimed equitable relief. A demurrer to his answer was sustained, and standing on his pleading a judgment was rendered against him for the

amount of the note with interest. He alone appeals. The other facts of the case appear in the opinion.

*P. B. Wolfe*, for appellant.

*Martin & Murphy*, for appellees.

BECK, J.—The guaranty upon which judgment was rendered against defendant Bairley is in these words:

"For value received, I do hereby guarantee the full payment of a note now held by W. C. Wadsworth & Co. against Aaron Smith, bearing date June 26th, 1873, and due in one day after date, originally for six hundred and twenty-seven and 48-100 dollars with ten per cent. interest from date, on which there is a payment of seventy ($70.00) dollars. Out of the assets placed in my hands as assignee of said Aaron Smith.

HENRY BAIRLEY.

Dated DeWitt, July 23, 1873."

The defendant filed an equitable answer and cross-petition in the following language:

"That on the 23d day of July, 1873, and before the signing of said guaranty said Bairley agreed with said plaintiffs, through their attorney Martin, that he would guarantee that the assets of said Aaron Smith were sufficient to pay the debts of said Smith, as represented in the schedule of the amount of liabilities of said Smith, at that time drawn and sworn to by said Smith, and amounting to $2,737.20, and that the debts so exceeded said amount in the sum of $1,305.29, and that the estate realized $3,092.49 out of the assets; and that said plaintiffs, by their attorney Martin, pretended to draw up a guaranty in accordance with said agreement on the part of said Bairley, drew up a written guaranty for said Bairley to sign, the same being in the same language as the guaranty now sued upon, except that the guaranty so drawn up did not contain the following words of the guaranty sued upon to-wit: 'Out of the, etc.,' that said Bairley thereupon refused to sign said guaranty for the reason then and there expressed to said Martin, 'that the said guaranty would hold him (the said Bairley)

personally liable for the amount of said note, irrespective of the amount of the liability of said Aaron Smith;' that thereupon said Martin added to said guaranty, so drawn up, the words 'Out of the, etc.,' and stated to said Bairley that said guaranty, as now sued upon, did not hold him to any personal liability whatever, and that relying upon said representation he signed said guaranty; that said Martin well knew at the time said Bairley signed said guaranty that said Bairley understood and believed that said guaranty did not hold him personally for the amount due on said note, and that that was the intention of the said Bairley in signing said guaranty, and the said Bairley, after the change of said written guaranty, and the representations of said Martain in regard to the effect thereof, signed said guaranty with the intention and understanding that he was not to be personally liable upon said written guaranty, except as he had already agreed with said Martin.

"Therefore, he asks that said contract be reformed so as to express the true intent and agreement of the parties, and that he have judgment for his costs, and such other and further relief as may be equitable in the case made."

The plaintiff demurred to this pleading on the ground that the facts stated "constitute no defense against the right of plaintiff to recover in that neither fraud, accident or mistake is alleged, or anything tending to show any wrong on the part of the plaintiffs or their attorney, while on the contrary it shows that the guaranty was fairly made; and to give it the construction claimed by defendant, would render it senseless and meaningless."

In our opinion this demurrer was correctly sustained. The answer and cross-petition allege neither fraud, accident nor mistake in preparation and execution of the guaranty. The very words used therein were approved and adopted by defendant to express the contract of the parties. The fact that defendant relied upon the opinion or statement of the attorney of the other party in regard to the legal effect of the language used, cannot give him the right to regard the contract as having no other force. The contract is to be understood by the

language employed therein, not according to the views of its meaning entertained by the person who drew it. This is an elementary principle of the law. Courts will not reform the plain language of a contract to conform it to a mistaken notion of its meaning entertained by the party executing it. There would be, under a different rule, no certainty in written instruments. To authorize courts to disregard or change the language of instruments of writing, in cases of this kind, fraud or mistake in their preparation must be shown. The answer charges nothing of the kind. The demurrer, therefore, was properly sustained.

AFFIRMED.