## NOWLIN v. PYNE.

1. **Contract**: MISTAKE OF LAW: EQUITABLE JURISDICTION. Where an oral contract is afterwards reduced to writing, and the writing fails to express in apt and proper terms the real intention of the parties, through a mistake of the draftsman, equity will permit the mistake to be corrected.

*Appeal from Benton District Court.*

FRIDAY, DECEMBER 7.

THIS cause was before the court at a previous term on demurrer to the petition, and is reported in 40 Iowa, 166. After the cause was returned to the court below, the defendant filed an answer setting up that the agreement sued on was executed by mistake, that by mistake of the draftsman the agreement of the parties was. not correctly stated in the writing, and he

asked that it be reformed so as to state and set forth the contract actually entered into. Upon this issue there was a trial. A decree was entered reforming the writing sued on, and dismissing the petition. The plaintiff appeals.

*Cooper & Tewksbury*, for appellant.

*Gilchrist & Haines*, for appellee.

SEEVERS, J.—The answer was treated by the Circuit Court and parties at the hearing as a cross-petition, and no objection is interposed in this court that the defendant was not entitled to the relief granted because his pleading was not strictly correct as a matter of form.

We are satisfied with the finding of the court below as to the single question of fact in the case. The parties made an agreement to exchange certain real estate they respectively owned, on condition that the defendant could by the first day of April, 1874, make a title to that which he proposed to exchange; it being understood that he did not own said real estate at the time the agreement was made, although he held a title to an undivided part thereof, as heir at law. Having made such agreement, both parties called on a draftsman to reduce the same to writing, which he did, as he supposed, in accordance with the agreement. The draftsman understood perfectly the agreement, but he failed to express it in apt and correct terms. The question presented is whether, under these circumstances, any relief can be granted in a court of equity. The equitable issue presented by the answer was alone tried in the court below.

That a mistake of law cannot be pleaded and proved as a defense in actions at law is regarded as pretty well settled.

1. CONTRACT: mistake of law: equitable jurisdiction. Whether such a defense will entitle a party to relief in a court of equity must, we are inclined to think, be regarded as an open question, at least in a certain class of cases. It was so held in the following cases: *Heacock et al. v. Fly,* 14 Penn. St., 540; *Lowndes v. Chisholme,* 2 McCord's Ch. Rep., 455; *Fitzgerrald v. Peck,* 4 Litt., 125. This question was largely discussed in *Champlin v. Lay-*

*tin*, 18 Wend., 407. The vice-chancellor granted the relief asked, because of a mistake in a matter of law. The chancellor affirmed the decree, but for a different reason.

In the court of errors an opinion was delivered by Mr. Justice Bronson, affirming the decree, but he denied that the relief could be given on the ground of a mistake of law. Senator Paige also delivered an opinion, in which he said, "I am prepared to assent to the proposition of the vice-chancellor, that a contract entered into under an actual *mistake of the law*, on the part of both the contracting parties, by which the object and end of their contract, according to its intent and meaning, cannot be accomplished, is liable to be set aside as a contract founded in mistake of matters of fact." The decree was affirmed, but on what ground does not appear.

Mr. Justice Story, in commenting on *Hunt v. Rousmaniere*, 8 Wheat., 174, uses this language: "If there had been any mistake in the instrument itself, so that it did not contain what the parties had agreed on, that would have formed a very different case, for when an instrument is drawn and executed which professes, or is intended, to carry into execution an agreement previously entered into, but which, by mistake of the draftsman, either as to fact or to law, does not fulfill that intention, or violates it, equity will correct the mistake so as to produce a conformity to the instrument." 1 Story's Equity Jurisprudence, § 115.

In principle *Canedy et al v. Marcy*, 13 Gray, 373, is identical with the case at bar. That action was brought to reform certain deeds conveying real estate. The oral contract was only for a sale and the conveyance of two thirds of the premises actually conveyed, and this was all the respective parties, at the time of giving and receiving the deeds, understood was to be conveyed. The draftsman understood this and intended to carry into effect the oral contract in drafting the deeds. The words used in the deeds were the words intended to be used, and in this respect there was no mistake or error, the error being that they supposed the words used would only convey two-thirds of the premises. The opinion of the court was delivered by Shaw, Ch. J., and we quote largely therefrom, as follows:

"We are aware that a deed is very strong evidence of the intent of the parties, and at law cannot be questioned, but must be taken to be conclusive. But where, in equity, mistake of the parties is expressly charged and put in issue, equity will permit it to be inquired into, and upon strong and satisfactory proof to be corrected.    *    *    *    *    It is no answer to say that the scrivener used the words which he intended to use. It is the mistake of the parties to the deeds which we are to inquire into; and if they were misled by a misplaced confidence in the skill of the scrivener, it can hardly be said to be a mistake of law and not of fact on their part. But we are of opinion that courts of equity in such cases are not limited to affording relief only in case of mistake of fact, and that a mistake in the legal effect of a description in a deed, or in the use of technical language, may be relieved against upon proper proof." In support of this doctrine the learned chief justice cites *Hunt v. Rousmaniere*, 1 Pet., 1; *Gillespie v. Moon*, 29 Johns. Ch., 596; *Stedwell v. Anderson*, 21 Conn., 139; *Olever v. Mutual Commercial Marine Ins. Co.*, 2 Curt. C. C., 29.

In the case at bar it satisfactorily appears that both parties supposed that the oral contract was reduced to writing. In this they were mistaken, and this constituted a mistake of fact. The writing contained words that did not express the contract. Concede that the parties supposed it did, and that this was a mistake of law. It is not for this mistake relief is sought, but because of the mistake in fact. The parties have the right to have the writing express the contract in apt and proper words, and the judgment of the law pronounced thereon. Unless this be the rule the reformation of written instruments must be confined to an exceedingly narrow compass. For it is but seldom it can be shown that the draftsman used a different word from what he intended. We desire also to limit the rule to cases where a previously oral contract is reduced to writing, and it should not be extended to contracts or writings prepared and executed at the time the agreement was made.

The rule here announced does not conflict with *Wadsworth v. Smith et al*, 43 Iowa, 439. The oral agreement in that case was that "Bairley agreed with said plaintiffs, through their

attorney, Martin, that he would guarantee that the assets of said Aaron Smith were sufficient to pay the debts of said Smith." This precise agreement was reduced to writing. Thereupon Bairley said that it would hold him personally liable. Martin said it would not. Thereupon Bairley signed it, and in reliance on Martin's representation. Here there was no mistake of fact, the writing set forth truly the oral contract. The mistake was one of law.

AFFIRMED.