## STAFFORD v. FETTERS.

1. **Equitable Jurisdiction**: REFORMATION OF INSTRUMENT: ASSIGNMENT. Where the payee of a promissory note transferred it by a simple assignment written on the back, under an agreement that the transfer should be without recourse, it was held that a court of equity could reform the assignment, the language used, when given its legal construction, not expressing the contract of the parties.

*Appeal from Warren Circuit Court.*

WEDNESDAY, MARCH 23.

ACTION at law against the indorser of a promissory note. Defendant set up an equitable defense, and the relief prayed for therein was granted him by the decree of the Circuit Court. Plaintiff appeals.

*Seevers & Sampson*, for appellant.

*H. McNeil*, for appellee.

BECK, J.—I. The defendant, being the payee of a negotiable promissory note, transferred it to plaintiff by the following indorsement:

"For value received I assign the within note to James Stafford.    (Signed)    H. J. FETTERS."

The action was brought at law upon this indorsement. The defendant pleaded an equitable defense, wherein he substantially alleged that by the agreement under which the note was transferred the plaintiff was to take the note without recourse upon defendant, and that the parties adopted the form of transfer as expressing such agreement, and neither of them at the time intended that it should have any other effect than to express the agreement between them, and neither knew that it did have the effect which the law gives to such instruments. Defendant upon this answer, as in a cross-bill, prays that the indorsement be reformed so as to express the true agreement made and intended to be set out by the parties, and that other proper relief be granted. A demurrer to this count of the answer was overruled, and the issues raised by this pleading were tried as an action in chancery. It is triable here *de novo*.

II. The evidence very satisfactorily establishes the facts set up in the equitable defense. The defendant positively

1. EQUITABLE jurisdiction: reformation of instrument: assignment.

and explicitly testifies that the agreement required him to transfer the note without liability; that he had no intention to express any different contract by the indorsement, and was ignorant of the legal effect of the instrument, and that plaintiff expressly disclaimed that he expected or desired defendant to become bound for the payment of the note. Six witnesses positively and strongly corroborate defendant's testimony. They heard the conversation between the parties when defendant signed the indorsement. The plaintiff in his testimony denies the statement of defendant. We must accept the facts of the case presented by the testimony of defendant and his witnesses. We are required to determine whether upon these facts equity will grant relief to defendant by reforming the indorsement upon the note, so that it will express the real contract of the parties.

III. The agreement of the parties—the meeting of their minds upon the conditions and obligations touching the sub-

ject contemplated by them, constitutes their contract. The written instrument is made the evidence of that contract. If it fails to present their agreement, the contract it expresses is not the agreement of the parties, and the true contract remains unexecuted. In such a case equity will reform the writing, causing it to express the intentions of the parties. This relief will be granted without regard to the cause of the failure of the instrument to express the true contract, whether it be from fraud, mistake in the use of language, or any other thing which prevented the expression of the intentions of the parties.

IV. But there is another familiar rule of equity upon which plaintiff relies to defeat the application of these doctrines to this case, namely, relief will not be granted to correct mistakes of law. The rule has no application to mistakes in the language of a contract, or in the choice of the form of an instrument whereby it has an effect different from the intention of the parties. If parties intending to sell and purchase lands should in ignorance of its legal effect execute a lease, equity would reform the instrument, though it was a mistake of law which led them to adopt it. This mistake, it will be noticed, affects the very contract the parties intended. They intended a deed, but a lease was made. But where two are bound by a bond, and the obligee releases one, mistakingly believing that the other will remain bound, equity will not grant him relief, for the reason that the release is just what he intended it to be; his mistake related to the effect of the contract in matters not contemplated therein. The mistakes of law against which equity will not relieve are those which pertain to the subject of the contract, and were inducements thereto, or considerations therefor. In such cases the parties intended to make the very contracts which they executed, but were induced to make them by a mistake of law. Further illustrations taken from the books make our expression of the rule plainer.

A tenant for life purchased a reversion under the mistake

of law that such purchase would cut off the remainder in tail and vest the fee in him. It was held that he could not have relief. A power of attorney was taken from a debtor as a security; but the debtor died before the power was executed. Equity would not grant relief. In each of these cases the very contracts entered into by the parties were embodied in the instruments. The mistakes were as to the results to be reached, which were inducements to the contracts. In the first case the purchaser supposed that the acquisition of the reversion would vest in him the fee simple title. This was the inducement for the purchase. It was a mistake of law. In the second case it was the purpose of the parties to secure the payment of the debt. They mistakenly chose a power of attorney to effect their object. But their purpose was defeated by the law which provides that the death of the grantor revokes a power of attorney. In these cases it will be observed the instruments were of the character intended by the parties. The mistakes pertained to the effect of the instruments upon the rights of the parties, not contemplated by the contracts or provided for therein.

But, on the other hand, when parties enter into an agreement which, through mistake of law or fact, they reduce to writing and the instrument fails to express their true agreement, or omits stipulations agreed upon, or contains terms contrary to the intention of the parties, equity will reform the writing, making it conform to the agreement entered into by the parties.

The doctrines we have stated are familiar to the profession. They have ample support in the authorities. See *Nowlin v. Pyne*, 47 Iowa, 293; *Hunt v. Rousmanier's Adm'r*, 8 Wheat., 174; s. c., 1 Pet., 1; 1 Story Eq. Juris., sections 113–116 *et seq.*, and cases cited. Kerr on Fraud and Mistake (American Ed.), 396 *et seq.*, and p. 418, and cases cited; *Reynolds v. Meelick*, 17 Iowa, 585.

In the case before us the parties agreed that plaintiff should take the note without recourse on defendant. They mis-

takenly supposed that the form of assignment of the note would have that effect, being ignorant of the provisions of the law of commercial paper which makes the indorser liable in case of default of the maker of the note. This was a mistake of law, but it pertained to the instrument itself, and by reason of it the writing does not express the true agreement of the parties. Equity will reform it.

*Glenn & Pryce v. Statler*, 42 Iowa, 107, and *Moormon & Green v. Collier*, 32 Iowa, 138, are not in conflict with our conclusions just expressed. In each case the mistake was not in expressing the contract, but as to its legal effect. The parties executed an instrument expressing the very contract intended, but the instruments had a legal effect unknown to and not intended by the parties. These decisions are also distinguishable from the case at bar by the fact that in each of them the rights of persons other than the parties to the contracts are involved. They were actions upon delivery bonds. Creditors not parties thereto were beneficiaries. The law will in such cases rather impose hardship upon the parties who made a mistake than upon one chargeable with no fault. We reach the conclusion that the Circuit Court correctly rendered a decree reforming the assignment indorsed upon the note and dismissing plaintiff's petition.

AFFIRMED.