### COURTRIGHT v. COURTRIGHT ET AL.

1. **Conveyance:** MISTAKE OF SCRIVENER: REFORMATION IN EQUITY. A married woman purchased a tract of land, and the scrivener who prepared the deed of conveyance by mistake inserted her husband's name with hers in the deed, thus conveying the title to them jointly. Afterwards the husband died, and this action was brought by the widow agaist his heirs to reform the deed by striking out the husband's name from the deed. *Held* that the relief prayed for was properly granted upon clear and satisfactory evidence of the facts alleged. Following *Nowlin v. Pyne*, 47 Iowa, 293, and other cases cited.

*Appeal from Lee District Court.*

THURSDAY, APRIL 24.

THIS is an action in equity by which it is sought to correct a conveyance of certain real estate, which, it is alleged, did not express the real contract of the parties thereto, by reason of fraud or mistake in reducing the contract to writing. There was a trial by the court, and a decree for the plaintiff. Defendants appeal.

*Craig, Collier & Craig*, for appellants.

*Anderson Bros. & Davis* and *J. F. Smith*, for appellee.

ROTHROCK, CH. J.—The plaintiff is the widow of Edward Courtright, deceased. Before her marriage, she was the absolute owner of certain land in Lee county. Margaret J. Barnes, the wife of Morgan Barnes, was the absolute owner of certain other lands. It was agreed between Margaret Barnes and Emily Courtright, the plaintiff, that they would exchange the lands so held by them. The land owned by one was the consideration to be given for the land owned by the other, and there was no money to be paid by either. They procured the services of a justice of the peace to draw the conveyances, and they were prepared and executed by them and their husbands, and acknowledged and recorded. The names of their several husbands were inserted in the respective deeds as grantees, so that each husband appeared to be the owner of an undivided half of the land conveyed. Some years afterwards, Mrs. Barnes and her husband discovered that by the record he was a tenant in common with his wife, and he conveyed his interest back to her. Edward Courtright died in 1877, and this action was brought by his widow against his children and heirs to reform the deed by striking out the name of Edward Courtright as a grantee, upon the ground that it was inserted by mistake or by fraud. This constitutes the only controverted question in the case.

We think the evidence very satisfactorily shows that the contract for the exchange of lands was made by Mrs. Courtright and Mrs. Barnes. Morgan Barnes testified that the "women did all the trading." And both Barnes and his wife testify that they intended to convey the whole title to Mrs. Courtright, and that they had no intention to convey to Mr. Courtright. And, although the testimony of the justice of the peace, and of Barnes and his wife, is not very clear in some particulars, yet we think the fact that there was no intention on

the part of the grantors, or on the part of plaintiff, to convey any interest in the land to plaintiff's husband, is so clearly proved as to require a reformation of the conveyance. The case is like *Nowlin v. Pyne*, 47 Iowa, 293.

The parties made a contract, employed a scrivener, and the scrivener by mistake failed to express the contract in apt words and terms. It appears that he used the words he intended to use, and he thought he should name the wife first as a grantee to show that she owned the land. In such cases equity will reform the writing, making it conform to the agreement previously entered into between the parties. *Nowlin v. Pyne, supra; Stafford v. Fetters*, 55 Iowa, 484; *Reed v. Root*, 59 Id., 359.

We need not set out or discuss the evidence in detail. It is enough to say that, regard being had to the well established rule, that the proof necessary to reform a written instrument must be clear, satisfactory and conclusive, we think the decree of the district court is correct.

AFFIRMED.