HALLAM v. CORLETT.

1. **Contract**: MISTAKE: REFORMATION. The evidence in this case (see opinion) *held* to establish that there was a mutual mistake in the reduc- tion to writing of the contract between the parties for an exchange of lands; and the decree of the court below, reforming and enforcing the contract, is affirmed.

*Appeal from Ida Circuit Court.*

WEDNESDAY, MARCH 16.

THIS is an action in equity, by which the plaintiff seeks to reform a written contract between the parties, and to enforce a specific performance thereof. There was a decree in the court below for the plaintiff. Defendant appeals.

*L. A. Berry* and *Cole, McVey & Clark*, for appellant.

*Gray, Warren & Buchanan*, for appellee.

ROTHROCK, J.—It appears from the pleadings and evidence that the plaintiff was the owner of a farm of 160 acres, and a fractional tract of land of about forty acres adjoining the farm. His land was clear of incumbrance. The defendant was the owner of a farm of 160 acres, which was incumbered by a mortgage of $1,200. These lands were exchanged by the parties. A contract in writing was executed between them, by which each was to convey his said land to the other. The contract recited that the plaintiff was to assume and pay the mortgage on defendant's land, and the defendant was to pay plaintiff twenty-five dollars an acre for the frac- tional forty-acre tract. The plaintiff claims there was a mistake in the contract as reduced to writing, and that it did not express the agreement of the parties, in that it should have recited that the defendant should pay to the plaintiff, in money, an amount equal to the mortgage, in addition to the twenty-five dollars an acre for the fractional forty-acre tract.

The defendant denies that there was any mistake in the contract, and this is the issue between the parties.

The plaintiff was represented in the making of the contract by his agent, A. Hallam. The defendant acted for himself. There is some conflict in the evidence as to whether the contract was agreed upon orally before it was reduced to writing. We think a very decided preponderance of the evidence is with the plaintiff in this question. His agent testified that the terms concluded upon really were, that defendant was to pay the plaintiff the $1,200 in dispute. It is true, the defendant testified that the terms of the trade were not agreed upon orally; but it is conceded that the defendant went alone to an attorney and procured him to prepare the written contract, and gave him the information necessary to reduce the contract to writing. He directed the scrivener to insert therein an obligation upon defendant to pay plaintiff $2,200. This evidently included the $1,200 in dispute, and twenty-five dollars an acre for the land aside from the quarter section. While the defendant denies that any terms were agreed upon before he employed the scrivener to reduce the contract to writing, he makes no satisfactory explanation why he employed an attorney to write out what he in effect now claims was a mere offer to the plaintiff, and why he should propose to pay the $1,200 in dispute by causing it to be inserted in the contract, if that was not the oral agreement between the parties. Besides, it is a very rare occurrence that persons should exchange farms and have no oral agreement as to the terms of the trade before they set themselves about to bind themselves by a written contract.

When the agent of the plaintiff came to examine the written contract, the defendant being then absent, he claimed that there was more than forty acres in the fractional tract, and that, as the defendant was to pay twenty-five dollars per acre therefor, he directed that an erasure be made in the writing so that the defendant should pay twenty-five dollars

per acre. In making this change, by some means, the clause providing for the payment of $2,200 was stricken out, and, as the contract was signed, it omitted the obligation of defendant to pay the $1,200 which he had directed to be inserted in the writing. That this was a mistake is very clearly shown. The agent of plaintiff was mistaken as to the terms of the written contract, and it would be an imputation upon the honesty of the defendant to say that the mistake was not mutual, because he directed the scrivener to insert the obligation to pay the $1,200 in the writing.

That the decree of the circuit court is correct, see *Stafford v. Fetters*, 55 Iowa, 487; *Courtright v. Courtright*, 63 Id., 358, and many other cases determined by this court.

AFFIRMED.