SARAH JAMISON, *et al.*, Appellees, *v.* STATE INSURANCE
Co., Appellant.

1. **Fire Insurance:** MISTAKE IN POLICY: REFORMATION: AGENCY.    The
soliciting agent of the defendant, a fire insurance company, having
previously been informed by an applicant for insurance that the
interest which it was desired to have insured was that of the appli-
cant as administratrix and of the heirs of one J., deceased, by mis-
take wrote the application as for the administratrix alone, and the
policy was so issued.    The application was read over to the applicant
before signing, but she was an illiterate woman, and not accustomed
to doing business of the kind in question.    *Held,* that the defendant
could not avoid liability for such error of its agent by virtue of any
clauses of limitation contained in the application, and that the
plaintiff was entitled to have the policy so reformed in equity as to
cover the interests of the heirs of J.

2. ——: PROOFS OF LOSS: SUFFICIENCY.    Proofs of loss in such case in
the name of the administratrix alone, *held,* not insufficient because of
the omission of any statement of the interests of the respective heirs,
where the proofs were prepared by the adjusting agent of the defend-
ant, and the latter was already in possession, through its agent, of
information concerning the other interests in the insured premises.

3. ——: LOSS: LIMITATION OF ACTIONS.    After the appearance of the
defendant, and within six months after the loss in question, the
plaintiff filed an amended and substituted petition alleging that she
was the guardian of the estate of her minor son, who was the rever-
sionary devisee of her husband's estate, but it was not until eight
months after the action that the son was joined as a party plaintiff,
and no notice of the first amended and substituted petition was served
upon the defendant.    The record, however, showed that a demurrer

| 85 | 229 |
|----|-----|
| 85 | 642 |
| 85 | 229 |
| 87 | 454 |
| 85 | 229 |
| 94 | 290 |
| 94 | 473 |
| 85 | 229 |
| 103 | 279 |
| 85 | 229 |
| 111 | 361 |
| 85 | 229 |
| 114 | 135 |
| 85 | 229 |
| 119 | 609 |
| 85 | 229 |
| 122 | 399 |
| 85 | 229 |
| 130 | 120 |

had been filed to such substituted petition, but did not show the date of filing the same. *Held*, that the claim made in said amended and substituted petition on behalf of the son was the commencement of an action within the meaning of a clause in the policy limiting the right of action thereon to six·months after the date of loss, and that to sustain the decree of the district court it would be presumed that the demurrer to said petition was filed within six months after the date of said loss.

4. ———: ENCUMBRANCES: REPRESENTATIONS IN APPLICATION: VALIDITY OF POLICY. An encumbrance upon the property in question was not disclosed in the plaintiff's application for insurance, but there was no attempt on the part of the insured to misrepresent her interest in the property, and the defendant's agent had knowledge of the condition of the plaintiff's title. *Held*, that the existence of such incumbrance was no defense to an action on the policy.

5. Equity : MISTAKE: RELIEF. Courts of equity will grant relief against the mistake of a scrivener in the use of technical terms in a contract representing the relation of one of the contracting parties to the estate of a decedent, by reforming the contract to accord with the intention of the parties.

*Appeal from Allamakee District Court.*—HON. L. O. HATCH, Judge.

TUESDAY, MAY 17, 1892.

ACTION in equity to reform a policy of insurance, and to recover the value of property insured, which was destroyed by fire. There was a hearing on the merits, and a decree in favor of the plaintiffs. The defendant appeals.—*Affirmed.*

*Cummins & Wright,* for appellant.

*Stilwell & Stewart,* for appellees.

ROBINSON, C. J.—The policy upon which this action is brought purports to insure "Mrs. Sarah Jamison, administratrix of David Jamison's estate, against loss by fire on a certain barn, to the amount of twenty-six hundred dollars, besides other property, for the term of five years from the twenty-third day of May, 1888.

On the fifteenth day of the next August the barn was destroyed by fire. On the seventh day of December, 1888, Mrs. Jamison filed a petition in this case to recover the value of the barn, in which she alleged that she was the widow and one of the legatees of David Jamison, and owned a life interest in the barn, which was of greater value than the amount for which it was insured. The defendant demurred to that petition on the fifteenth day of January, 1889. Six days later Mrs. Jamison filed an amended and substituted petition, in which she alleged that she had been the administratrix of the estate of David Jamison, deceased, and was then his widow and one of the legatees, and guardian of the estate of David Jamison, Jr., a minor, who was a reversionary devisee of the decedent; that when the policy was executed she was the absolute owner of a life estate in the barn and in the premises upon which it was situated, entitled to the use and possession of it during her life-time, or so long as she remained the widow of the decedent; that her ward was the absolute owner of the property, subject to her rights, and that together they are the absolute and unqualified owners of the property; and that her interest in the barn when it was destroyed was of the value of four thousand dollars.

On the fifteenth day of April, 1889, a second amended and substituted petition was filed, in which David Jamison, Jr., was joined with Sarah Jamison, his mother, as party plaintiff. In this petition the averments of the preceding petitions, to which we have referred, were set out in substance, excepting that in regard to the value of Mrs. Jamison's interests. The petition alleged further that, in making the contract of insurance, it was expressly agreed between Mrs. Jamison and the defendant, and intended that the policy should cover the interest of both the plaintiffs in the property insured, and that the policy should be made to Sarah Jamison, to insure her interest in said prop-

erty, and also to her as guardian or trustee of said David Jamison, Jr., to insure his interest in the property; that the soliciting agent of the defendant, who took the application for insurance, was fully informed of the respective interests of the plaintiffs, and directed to have the policy so made as to insure those interests; that he was informed that Mrs. Jamison was entirely ignorant of the way in which the business should be done, and relied upon him to have the policy made as agreed; that any failure of the policy to insure the interests of the plaintiffs was the result of a mutual mistake between Mrs. Jamison and the defendant. The plaintiffs ask that the policy be so reformed as to conform to the intent of the parties, and that they have judgment for twenty-six hundred dollars, with interest at six per cent. from the twenty-ninth day of October, 1888, and costs.

The cause was transferred to the equity docket for trial. The district court changed the policy to read: "Said State Insurance Company does insure Mrs. Sarah Jamison, as administratrix of D. Jamison's estate, for herself and the heirs of said D. Jamison, deceased, as their interests may appear," etc.; and: "The said company does hereby promise and agree to make good unto the said Sarah Jamison, administratrix, and the said heirs of D. Jamison, deceased," etc., as further provided in the policy. Judgment was also rendered in favor of the plaintiffs for twenty-six hundred and sixty-seven dollars and five cents, and costs.

I. Some of the testimony introduced for the plaintiffs was given in response to leading questions, and some was of a secondary character, for which no foundation had been laid. As due objection was made by the defendant, such evidence should not have been introduced, and cannot be given any weight. But the interests of the plaintiffs are shown to be as claimed, and we are of the opinion that there is sufficient evidence of

an unobjectionable character to sustain the averments of the petition made for the purpose of obtaining a reformation of the policy.

The application for insurance was taken by a soliciting agent of the defendant, named Robbins. It appears, with reasonable certainty, that he knew when he filled the blanks in the application, from information then given him, or which having been given him previously, was then in his mind, just what interest each of the plaintiffs had in the property insured. Having that knowledge, he failed to express it properly in the application, but made it appear that the insurance was for the benefit of Mrs. Jamison, as administratrix. It is true, the application was read to her after it was prepared, but she is an illiterate woman, not accustomed to doing business of that kind, and did not understand the nature and effect of some of the answers which she appears to have given in the application. No doubt the agent acted in good faith, and according to his understanding of his duties, but notice to him was notice to the defendant, and it must be charged with having the knowledge he possessed when the application was taken. *Key v. Des Moines Insurance Co.*, 77 Iowa, 175; *Donnelly v. Cedar Rapids Insurance Co.*, 70 Iowa, 693; *Stone v. Hawkeye Insurance Co.*, 68 Iowa, 740; *Jordan v. State Insurance Co.*, 64 Iowa, 219; *Boetcher v. Hawkeye Insurance Co.*, 47 Iowa, 255; *Rogers v. Insurance Co.* (Ind. Sup.), 23 N. E. Rep. 502.

Mrs. Jamison also acted in good faith, and according to her best understanding of the facts, in what she said and did in regard to the application for insurance. No suppression of facts nor intent to deceive can be charged to her. Robbins, in procuring her application, acted as the agent of the defendant. Section 1, chapter 211 of Acts of the Eighteenth General Assembly.

1. FIRE insurance: mistake in policy: reformation: agency.

He was selected by the defendant, and furnished blanks with which to do that work. He knew all material facts when he prepared the application, and, having undertaken to prepare it, his duty required him to state them correctly. Mrs. Jamison gave the required consideration for the insurance, and relied upon the agent, as she had a right to do, to discharge his duty in a proper manner. His failure in that respect was the fault of the defendant, and it will not now be permitted to escape liability by taking advantage of its own wrong.

The application contained the following provisions: "It is understood by the applicant that the company will not be bound by any representation of the applicant or promises of the agent not contained herein. * * * Having read the foregoing application, and fully understanding its contents, I warrant it to contain a full and true description and statement of the condition, situation, value, occupancy and title of the property hereby proposed to be insured, and I warrant the answers to each of the foregoing questions to be true. * * * The above statements shall be the sole basis of the contract between said company and myself, and are hereby made a part of the same." On the margin of the application was the following: "The applicant will read this application before signing, and see that each question is answered fully and truthfully." The appellant insists that Robbins was a soliciting agent, with authority only to receive and deliver applications; and that as the limitations of his authority were shown by the application, and as it was read to Mrs. Jamison, she was bound to know those limitations. It was not within the authority of the defendant to limit the power of its agent as fixed by the statute. That does not expressly define the powers which the agent may exercise, but provides that "any person who shall hereafter solicit insurance, or procure applications therefor, shall

be held to be the soliciting agent of the insurance company or association issuing a policy on such application, or a renewal thereof, anything in the application or policy to the contrary notwithstanding.'' Section 1, chapter 211, of Acts of the Eighteenth General Assembly. It is a matter of general knowledge that the soliciting agent, as a rule, prepares the application for the property owner. It is frequently necessary for him to do so in order to procure the application, and what he does in that respect is within his powers, and binds his principal. Even though not necessary in all cases, yet it is always within the scope of his duties to prepare the application, and the insurance company cannot permit him to do so, and at the same time limit its liability to his act in receiving and forwarding the application after it is completed. To so hold would defeat the evident intent and purpose of the statute. We do not hold that provisions of the character of those under consideration are wholly without effect. They may serve to draw the attention of the applicant to material matters, and, when that is done, he must act upon the notice received in good faith, and with reasonable care. He cannot, knowingly, misrepresent a fact without endangering the validity of the policy.

II. It is said that the proof of loss is insufficient. It was taken by the adjusting agents of the defendant within the time provided in the policy, and forwarded to the defendant. No objection was made to it, and no further proof was required at that time. It met the requirements of the policy as it then stood. It was prepared by the adjusting agent who visited the place of the fire for that purpose. The defendant was charged with notice of the interests of the plaintiffs in the property destroyed at that time as well as when the policy was issued. The proof furnished gave all material facts necessary to a proper adjustment of the loss of which

2. ——: proofs of loss: sufficiency.

they were not already possessed, and must be held sufficient. The failure to take the proof in the name of Mrs. Jamison as an individual, rather than as an administratrix and in the name of David Jamison, Jr., is of a technical nature, for which the defendant was chiefly responsible, and should not be permitted to defeat a recovery by the plaintiffs.

III. The policy provides that "no suit shall be brought for loss under this policy, unless commenced within six months of the date of the fire, or other damage, any statute of limitation to the contrary notwithstanding; and it is expressly agreed that the periods provided herein for giving notice and presenting proofs of loss, and the period of ninety days named in section 3, chapter 211, of Acts of the Eighteenth General Assembly, Iowa, shall not be construed to prevent the running of said six months' limitation from the date of the fire or other damage." It is said the action by David Jamison, Jr., is barred under this provision, for the reason that his name did not appear as a party to the proceedings until the fifteenth day of April, 1889, when the second substituted petition was filed, or eight months after the loss occurred. But the substituted petition filed January 21, 1889, fully disclosed the interest of the son, and alleged that he was then a minor, and that Sarah Jamison was the guardian of his estate. She was authorized by section 2544 of the Code to sue in her own name to recover the amount due him. It is said that no notice of the filing of that petition was served, and therefore that the action as to the son was not commenced, within the meaning of the statute, until the defendant appeared thereto by filing its answer in July of 1889. If we concede that the defendant's theory of the law is correct, it would not necessarily follow that its claim is well founded, for the reason that a demurrer to the first substituted petition was filed on a date not shown, but

3. ——: loss: limitation of actions.

which, to sustain the decree of the district court, we will presume was filed before the right of action of the son was barred. See *Ida Company v. Woods*, 79 Iowa, 150. The evidence shows that he was a minor when the first substituted petition was filed.

IV. The will of the decedent devised the property upon which the barn was situated to his widow for life, and thereafter to his son David, on condition that he pay four thousand dollars to certain persons named at times specified. It is said that the obligation to pay that sum, one half of which was unpaid at the time the application was taken, constituted an incumbrance on the insured premises, contrary to a statement made in the application. Mrs. Jamison answered all questions asked her correctly. The agent knew something of the condition of the estate, and the title by which it was held. He knew that it was the desire of Mrs. Jamison to have insured the interest of herself and son in the property described. There was no attempt to misrepresent that interest, and the defendant has not been prejudiced in any manner by the error. We conclude, therefore, that it does not constitute a defense to this action.

*4. ——: encumbrances: representations in application: validity of policy.*

V. It is said the evidence fails to show sufficient grounds for a reformation of the policy, and that the petition fails to show what reformation is desired. The mistakes in controversy were of fact as well as of law. But some mistakes of law may be corrected. In *Canedy v. Marcy*, 13 Gray, 377, it was said that "where, in equity, mistake of the party is expressly charged and put in issue, equity will permit it to be inquired into, and, upon strong and satisfactory proof, to be corrected." The evidence must make it clear. Here we are of opinion that it is proved by such evidence that the mistake was made, and that the deeds did not conform to the oral contract which

*5. EQUITY: mistake: relief.*

they were intended to carry into effect. It is no answer to say that the scrivener used the words which he intended to use. It is the mistake of the parties to the deeds which we are to inquire into, and if they were misled by a misplaced confidence in the skill of the scrivener, it can hardly be said to be a mistake of law, and not of fact, on their part. But we are of opinion that courts of equity in such cases are not limited to affording relief only in case of mistake of fact, and that a mistake in the legal effect of a description in a deed or in the use of technical language may be relieved against upon proper proof." The rule of that case was approved in *Nowlin v. Pyne*, 47 Iowa, 293, in which other authorities are considered. See, also, *Reed v. Root*, 59 Iowa, 359; *Stafford v. Fetters*, 55 Iowa, 487. The averments of the second substituted petition leave no doubt as to the relief which is sought by the reformation of the policy. The correction might have been in somewhat different phraseology from that adopted by the court below, but its effect meets the demand of the petition, and sufficiently protects the rights of the respective parties in interest.

The plaintiffs have shown themselves entitled to all the relief which was granted by the decree rendered by the district court. It is therefore AFFIRMED.