LEE & JAMIESON, Appellants, v. F. A. PERCIVAL et al., Appellees.

1. Promissory Note: MUTUAL MISTAKE: RE-FORMATION IN EQUITY: PAROL EVIDENCE. A promissory note made by the president and secretary of a corporation with the intention of binding the company only, and which was accepted as the obligation of the company alone, but which, through ignorance of the legal effect of the language used, was so signed as to bind said officers individually, may, in an action thereon, be so re-formed as to express the real contract between the parties; and for such purpose parol evidence is admissible in proof of the alleged mistake.

2. Practice in Supreme Court: OBJECTIONS TO EVIDENCE. Questions concerning the admissibility of evidence, which were not raised upon the trial in the district court, will not be considered upon appeal by the supreme court.

| | |
|---|---|
| 85 | 639 |
| 87 | 247 |
| 87 | 254 |
| 85 | 639 |
| 88 | 79 |
| 88 | 738 |
| 85 | 639 |
| 90 | 733 |
| 85 | 639 |
| 98 | 331 |
| 100 | 722 |
| 85 | 639 |
| 104 | 428 |
| 105 | 151 |
| 85 | 639 |
| 106 | 190 |
| 85 | 639 |
| a110 | 278 |
| 85 | 639 |
| d111 | 16 |
| 85 | 639 |
| 116 | 277 |
| 117 | 105 |
| 85 | 639 |
| 120 | 222 |
| e122 | 898 |
| 85 | 639 |
| 124 | 226 |
| 85 | 639 |
| 140 | 7C0 |

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

THURSDAY, MAY 26, 1892.

ACTION to recover the amount due on a promissory note. After the issues had been settled, the cause was transferred to the equity docket and heard by the court. A decree was rendered in favor of the defendants, and the plaintiffs appeal.—*Affirmed.*

*White & Clarke*, for appellants.

*Kauffman & Guernsey* and *T. R. North*, for appellees.

ROBINSON, C. J.—The following is a copy of the note in suit:
"$350.00.                    ADEL, January 6, 1888.
"Six months after date, for value received, we promise to pay to Lee & Jamieson or order three hun-

dred and fifty dollars, at Adel, Iowa, with interest from date, at eight per cent. per annum, payable annually; and we further promise to pay a reasonable attorney's fee if suit is instituted on this note, and agree that justice of the peace may have jurisdiction to enter judgment on this note, not exceeding three hundred dollars.

"HERNDON NATURAL GAS AND LAND COMPANY.

"F. A. PERCIVAL, President.

"ALEX. HASTIE, Secretary."

When it was given, the defendant, F. A. Percival, was president, and his codefendant, Alex. Hastie, was secretary of the Herndon Natural Gas & Land Company. It was given to pay for the finishing of the third story of an hotel which the company had built at Herndon. The defendants allege that, if it was so signed that it is not the obligation of the company only, the manner of signing it was the result of a mutual mistake of the defendants and plaintiffs, and ask that it be re-formed and made to express the true contract of the parties. The district court found the claim of the defendants to be well founded, and granted them the relief asked.

I. It is clearly shown that the note was given for the exclusive benefit of the company; that nothing was said before it was made that it should be signed by anyone but the company; and that in signing it the defendants intended to bind the company only, and not themselves. The evidence satisfies us also that the plaintiffs had no reason to believe that the defendants would sign the note, excepting as officers of the company, and did not expect them to do so. When the plaintiffs desired the note they wrote to "Alex. Hastie, secretary Herndon Natural Gas & Land Co., at Des Moines, inclosing the note in blank, and saying: "Please have properly signed and returned to us." It cannot be said they were indifferent as to who signed

1. PROMISSORY note: mutual mistake: re-formation in equity: parol evidence.

it. Their dealings had been with the company. They had no ground for believing that anyone but the company would pay its debts, and their request as to the manner of signing was no doubt designed to cause the note to be so signed as to bind the company.

It is said by the appellants that the defendants are personally liable by their signature, and that parol evidence is not admissible to show that they intended to bind the company only. It is well settled in this state that a signature like those in question renders the signer individually liable, the addition of words denoting an official title being deemed a mere description of the person. *McCandless v. Canning Co.*, 78 Iowa, 161; *Heffner v. Brownell*, 70 Iowa, 591, 75 Iowa, 343; *Wing v. Glick*, 56 Iowa, 473; *Day v. Ramsdell*, 52 N. W. Rep. 208; and *Water Power Co. v. Ramsdell*, 52 N. W. Rep. 209. It is also the rule that parol evidence is not admissible to show that such a signature was designed to bind the corporation of which the person signing was an officer; but that has no application to actions in equity, where the signature is alleged to be the result of a mistake, the correction of which is asked. Where such a mistake as a court of equity will correct is shown, the ordinary rules of practice in such courts will apply. It is said, however, that the mistake, if any, in this case, was one of law, which a court of equity will not correct. It may be conceded that the defendants signed the note as they intended to sign it, and that they were mistaken only as to the legal effect of the form of signature they adopted. But it is not true that courts of equity will not relieve against any mistake of law. On the contrary, it is well settled that such mistakes in the use of words to express a contract previously made may be corrected. "Where an instrument is drawn and executed which professes or is intended to carry into execution an agreement previously entered into, but which, by mistake of the

draughtsman, either as to fact or as to law, does not fulfill that intention, or violates it, equity will correct the mistake, so as to produce a conformity to the intention." 1 Story, Equity Jurisprudence, section 115. "If, on the other hand, after making an agreement, in the process of reducing it to a written form the instrument, by means of a mistake of law, fails to express the contract which the parties actually entered into, equity will interfere with the appropriate relief, either by way of defense to its enforcement or by cancellation or re-formation, to the same extent as if the failure of the writing to express the real contract was caused by a mistake of fact. In this instance there is no mistake as to the legal import of the contract actually made, but the mistake of law prevents the real contract from being embodied in the written instrument." 2 Pomeroy's Equity Jurisprudence, section 845. The law as thus announced finds ample support in the authorities. 15 American and English Encyclopedia of Law, 642, note 3; p. 643, notes 1, 2; p. 644, notes 2, 3; *Hunt v. Rousmaniere's Administrators*, 1 Pet. 1, 13; *Pitcher v. Hennessey*, 48 N. Y. 420; *Canedy v. Marcy*, 13 Gray, 377; *James v. Cutler*, 54 Wis. 175; *Stedwell v. Anderson*, 21 Conn. 144; *Green v. Railroad Co.*, 12 N. J. Eq. 166; *Clayton v. Bussey*, 30 Ga. 946; *Remington v. Higgins*, 54 Cal. 622; *Kennard v. George*, 44 N. H. 444; *Beardsley v. Knight*, 10 Vt. 185; *Clayton v. Freet*, 10 Ohio St. 545. The rule adopted by this court is in harmony with the authorities cited. In *Stafford v. Fetters*, 55 Iowa, 484, it was said that the equitable rule that relief will not be granted to correct mistakes of law has no application to the language of a contract, and an indorsement on a promissory note was corrected to represent the real contract of the parties and relieve the defendant from liability. See, also, *Nowlin v. Pyne*, 47 Iowa, 293; *Baker v. Massey*, 50 Iowa, 399; *Reed v. Root*, 59 Iowa, 359; *Courtright v. Courtright*, 63 Iowa, 356; *Hallam v. Corlett*, 71 Iowa, 446; *Jamison v. State Insur-*

*ance Co., ante,* p. 229.   In this case the contract between the parties, as we must hold under the evidence, required payment to be made by the company.   When time was given, the note of the company only was required.   When the note was made, the defendants affixed the signatures in question because they supposed that to be the proper way to make the note of the company.   The plaintiffs must have known the intent with which the note was signed, and must also have believed that it was the note of the company only, or else they received it fraudulently, knowing of the mistake of the defendants, and intending to profit by it.   We will presume that they were mistaken, rather than that they were dishonest.

II. It is said that the defendants have failed to show that they were officers of an incorporated company with authority to make the note in suit.   There does not seem to have been any question made in the district court as to the existence of the company and its power to make the note.   The plaintiffs have had extensive dealings with it, have contracted with it, and have sued it as an entity.   Evidence showing its existence, and that the defendants had been authorized to make the note, was given.   Some of it might have been excluded as not the best evidence, had objection been made, but it was not.   The plaintiffs cannot object to evidence for the first time in this court.

2. PRACTICE in supreme court: objections to evidence.

We conclude that the decree of the district court is warranted by the law and supported by the facts.   It is, therefore, AFFIRMED.