ANNA E. GRAFTON *et al.*, Appellees, v. W. T. MOORMAN *et al.*, Appellants.

Appeal: TRIAL DE NOVO: EVIDENCE NOT OBJECTED TO BELOW.

*Appeal from Jefferson District Court.*—HON. E. L. BURTON, Judge.

WEDNESDAY, MAY 24, 1893.

THE plaintiffs, heirs at law and legatees under the last will and testament of Thomas Moorman, deceased, alleged that said deceased died seized in fee simple of certain real estate described, in which the widow's dower interest has been set off to her; that said last will and testament contains the following provision:

"Item Second. I will that the balance of my land be sold to the highest bidder, for ready money. And I will that my granddaughter Albertie Gainer be paid one hundred and fifty dollars out of the proceeds of the same; and the balance of the proceeds of the sale of said land, after all just debts are paid, to be divided equally among my seven children, viz.: Ann E. Grafton, Eliza E. Junkin's heirs, C. W. Moorman, Amanda J. Warwick, W. R. Moorman, Martha M. Searls, Sarah Alice Campbell; deducting, however, two receipts,—one against C. W. Moorman, and one against W. T. Moorman,—which are to be charged against them, respectively, as a part or all of their respective shares, as the case may be."

They alleged that the defendant W. T. Moorman has no interest in said real estate, for the reason that his receipt, referred to in said will, is

for a larger sum than the one-seventh part of said real estate. That said receipt is for nine hundred and fifty dollars advanced by Thomas Moorman, deceased, to his son, W. T. Moorman. The receipt is set out as follows:

"JEFFERSON CO., IOWA, July 1, 1869.

"Received of Thomas Moorman the sum of $9:50 dollars, to be taken into consideration and settled at his death, so as to make an equal distribution of his effects between his legal heirs (without interest.)

"[Signed.] W. T. MOORMAN."

Plaintiffs ask an order for the sale of said real estate, and for a distribution of the proceeds, and that, in the distribution, said receipt be taken into account for the sum of nine hundred and fifty dollars.

The defendants, W. T. Moorman and wife, answered, denying that W. T. Moorman ever received nine hundred and fifty dollars from his father, Thomas Moorman, deceased, and denying that said receipt is for that sum. They alleged that it is for nine dollars and fifty cents, wherefore they claim that W. T. Moorman is entitled to a full one-seventh part of the proceeds of the sale of said real estate, less nine dollars and fifty cents.

Appellants moved that the case be set down for trial to a jury. This motion was overruled, and at the next term the case was tried to the court, as in equity, and an order and decree entered for the plaintiffs, as prayed, from which the defendants appeal.—*Affirmed.*

*Raney & Simmons,* for appellants.

*Jones & Fullen,* for appellees.

GIVEN, J.—I. The case was tried as in equity, and is before us upon abstracts and a full transcript. The appellants in their opening argument, ask that if it is held that they were not entitled to a jury trial, we consider the case *de novo.* The appellees replied, in argument, that the appellants, having appealed upon this assignment of error, waived the right to trial *de novo.* The appellants, in their argument in reply, withdraw their assignment of error, and ask that the case be tried upon its merits. The case having been tried below as in equity, and fully argued upon its merits before us, we conclude that, under the record, we should try it *de novo,* without, however, determining whether the assignment of error waived the right to such a trial.

II. The single issue presented is whether said receipt of W. T. Moorman is for nine dollars and fifty cents, or nine hundred and fifty dollars. The appellants contend that the receipt is clear and unequivocal in its language, and that its exact language is "$9:50 dollars." They contend that, by the reference made in the will to this receipt, it is made a part of the will, and governed by the same rules as to evidence; that, under the rule, parol evidence is inadmissible to change the language of a will, and that the court erred in admitting parol evidence introduced for

the purpose of showing that the receipt is for nine hundred and fifty dollars. The plaintiffs introduced evidence showing certain acts and declarations of Thomas Moorman, deceased, tending to show that this receipt was for more than nine dollars and fifty cents, to all of which the defendants objected; some of their objections being upon the grounds that the evidence is incompetent, irrelevant, and immaterial, and others upon the additional ground that it was immaterial, incompetent, and irrelevant, under section 3639 of the Code. It appears by appellees' additional abstract that all these objections were sustained, to which the plaintiffs except, and though, under the practice, the answers were taken, they were not considered by the court. The rulings on this evidence being favorable to the appellants, their complaint can not be considered as relating thereto.

The plaintiffs introduced evidence showing the declarations of the defendant W. T. Moorman with respect to the amount named in said receipt, to which no objection appears to have been made. The case being before us for trial *de novo*, we will consider all objections made by the appellants to evidence offered by the appellees, and, if we find the objections well taken, will exclude the evidence from consideration; but, if the evidence has been admitted without objection on the trial below, the appellants will not be heard to object on this appeal. Conceding that the law is as claimed by appellants,—a question we do not determine,— it is clear from the record that the evidence as to defendant W. T. Moorman's declarations must be considered on this appeal, because admitted without objection. *Lee v. Percival*, 85 Iowa, 639.

As already stated, the appellants' contention is, that, the receipt being a part of the will, parol evidence is not admissible to change its language, and that its language is, clearly, "$9:50 dollars." We have the original receipt before us, and our inspection of it does not lead us to the conclusion that it is "clear and unequivocal in its language." It was evidently written in blank, as to the amount, and the dollar mark and figures, 950, inserted in a different hand. The only ground for claiming, from the face of the receipt, that it is for nine dollars and fifty cents is the fact that two dots are found between the figures 9 and 5, which are claimed to be decimal points. It is probable that they were so intended, but the fact that nothing appears between the figures and the word "dollars" renders it questionable whether they were intended to indicate nine dollars and fifty cents as the amount of the receipt. Whether the language of the receipt is so obscure as to the amount as to admit parol evidence, we do not need to determine, as, for reasons already stated, the evidence of the declarations of the defendant W. T. Moorman must be considered on this appeal.

III. It only remains for us to determine whether, under the evidence admitted without objection, the receipt in question should be held to be for nine hundred and fifty dollars, or for nine dollars and fifty cents. It is unnecessary that we here discuss this evidence in detail. It is sufficient to say that from the receipt itself, the circumstances under which, and the purpose for which, it was given, and the evidence as to the declarations of the defendant W. T. Moorman, we think it fully and fairly appears

that the sum named in said receipt is nine hundred and fifty dollars. Such was the conclusion of the district court, and, concurring in that conclusion, it follows that the judgment of that court must be AFFIRMED.