T. B. TURPIN, Appellant, v. JOHN F. GRESHAM, et al.

**Reformation:** EVIDENCE. A note contained a printed promise to
pay the principal five years after date, with interest payable
annually until paid; also a written recital that "this note is paya-
ble in installments of eight dollars or more per month, with inter-
est on the amount paid." The two makers and the scrivener, who
was the partner of the payee, testified that the agreement was that
during the five years no payments were required other than the
monthly installments, with interest thereon. Other witnesses
testified to corroborative circumstances. The payee had accepted
monthly payments during the first year. The only evidence to
support payee's contention that interest was payable annually was

that of himself, and the fact that the makers knew of the printed clause making it so payable. The makers claimed to have understood the written clause to prevail. *Held*, that the note should be reformed so as to make it conform to the makers' contention.

**Notes and Bills:** INCONSISTENT CONDITIONS. The fact that a note for six hundred and fifty dollars is payable in monthly installments of eight dollars or more is not inconsistent with a provision fixing its maturity at five years after its date for, while payments could not be less than eight dollars, any payment might be greater than that sum.

UNREASONABLENESS. An agent for the sale of land loaned six hundred and fifty dollars to another to effect a sale, on a note payable in five years in monthly installments, interest payable monthly on the amount of the installment then payable. *Held*, that, although the terms of payment were unusually liberal as to the borrower, they were not proven to be unreasonable as against the lender.

TENDER: *Costs.* After the commencement of an action by a payee claiming the entire note to be due, which was denied, the maker tendered an installment alleged by him to have become due on the note pending suit. On its rejection by the payee, the maker paid it into court, and set up the tender by supplemental pleading. *Held*, on a finding in favor of the maker as to the terms of payment, that the plea of tender, although needless, was not an admission of something due on the note when suit was brought, so as to entitle plaintiff to a judgment for the amount tendered with costs.

*Appeal from Davis District Court.*—HON. W. S. WITHROW, *Judge.*

FRIDAY, OCTOBER 7, 1898.

ACTION in equity upon a promissory note, and to foreclose a mortgage securing the same. From a decree in defendant's favor, the plaintiff appeals.—*Affirmed.*

*H. C. Traverse* for appellant.

*Payne & Sowers* for appellees.

WATERMAN, J.—The note in suit is in the following form: "$650.00  November 26th, 1895. Five years after date, for value received, we promise to pay to T. B. Turpin or order six hundred and fifty dollars, payable at Bloomfield,

with interest payable annually at the rate of eight per cent. per annum, until paid. Interest when due to become principal, and draw eight per cent. interest. If this note is not paid when due, we agree to pay reasonable costs of collection, including attorney's fees, and also consent that judgment may be entered for the amount, by any justice of the peace. This note is payable in installments of eight dollars or more per month, with interest on the amount paid. · John F. Gresham. Laura F. Gresham." The mortgage contained the usual condition for the payment of the note, and provided further: "If, however, any of these conditions are not complied with, said note shall become due and collectible at once," etc. This action is brought because of a failure to pay the first installment of interest on the face of the note.

The defense set up is that the agreement between the parties was that the makers of the note were to pay the same in monthly installments, with interest on each of such amounts to the time of payment, and that no other payments were to be required of them until the maturity of the note, and that, by mistake, there was a failure to express this agreement clearly in the instruments as executed. The note and mortgage, as they stand, are certainly somewhat ambiguous in terms. The two defendants, Gresham and his wife, and the scrivener who drew the instruments, and who was the partner in business of plaintiff, all testify, in substance, that the agreement was that during the five years no payments were to be required of the makers other than the monthly installments, with the interest thereon. Other witnesses give evidence of corroborative circumstances, and the acts of the parties under the contract lend support to the claim to this extent, that these payments were so made and received during the period of one year. Against this we find only the testimony of the plaintiff, with the single incident that the maker.₁ of the note, at the time they executed the papers, knew of the printed clause, both in that instrument and in the mortgage relating to the payment of annual interest. This latter

fact is met by the defendants with the assertion that the clause regarding the payments in installments was written in the note, and they were informed by the scrivener, and believed, that the written portion would control, and that the instrument as prepared would effect the purpose and intent of the parties.

In a case of this kind, where, either through mistake of law or fact, an instrument fails to express the contract of the parties, equity will interfere with appropriate relief. *Lee v. Percival,* 85 Iowa, 639; *Stafford v. Fetters,* 55 Iowa, 484; *Nowlin v. Pyne,* 47 Iowa, 293; 1 Story Equity Jurisprudence, section 115. Appellant thinks that to give effect to defendant's claim will nullify the provision in the note which fixes the time of its maturity at five years after its date. It is said that no complaint is made of this portion of the instrument, and that it could not fall due at that time if the makers are allowed to pay at the rate of only eight dollars per month. It may be said in response to this that the makers are not limited to monthly payments of eight dollars. The provision in the note as reformed is that the payments shall not be in less amounts. They may, however, be of greater sums. This is in accordance with the weight of the testimony, and with the written clause in the original note. We do not see any want of consistency in the contract, as found by the trial court. Again, it is said by appellant that the contract as claimed by defendant is unreasonable; that no man would loan money on such terms. That it is an unusual contract we readily concede; but it depends upon circumstances whether it was unreasonable, and the circumstances disclosed do not affirmatively show it to be so. We do not say that the evidence establishes it to be reasonable, but only that it does not establish the contrary. Plaintiff, as agent for the sale of a tract of real estate, loaned defendants the money in suit, with which to purchase it. He might have been willing to make more than usually favorable terms for the loan, in order to

effect the sale. We cannot say from the evidence that the whole transaction was not to his advantage.

II.    After this action was begun, a monthly installment fell due on the note. It was tendered by defendants, and, upon plaintiff's refusal to accept it, the amount was paid into court, and the fact of such tender was set up by a supplemental pleading in this case. Plaintiff contends that this was an admission of something due him, and that he should at least have judgment for the amount tendered, with costs. This action was brought December 29, 1896. Plaintiff claimed the whole amount of the note to be then due and payable. The installment spoken of became due in January following, according to defendants' interpretation of the contract, and was promptly tendered. There was no occasion for setting up the transaction in this case, and the fact that it was pleaded by no means amounts to an admission that anything was due on the contract at the time plaintiff brought suit. Indeed, the contrary is clearly shown by the terms of the supplemental answer. It was defendants' duty to make the payment when due. The law would place them in a very awkward dilemma if, because of the performance of this duty, it entailed upon them the payment of costs, in an action unjustly brought against them. The trial court reformed the contract by leaving out of it the provision for the payment of annual interest. It found that plaintiff's action was prematurely brought, dismissed the same, and gave defendants judgment for costs. We see no cause to interfere with this holding.—AFFIRMED.