THOMAS McCARL, Trustee, Appellant, v. THE TRAVELERS INSURANCE COMPANY.

**Insurance:** REFORMATION OF POLICY: FRAUD OR MISTAKE: EVIDENCE. A
1  contract of insurance may be reformed upon clear and satisfactory evidence that through fraud or mistake ·it was not written as the parties intended.
In this action the evidence is held to show that the policy was written in accordance with the intention of the parties and reformation is denied.

**Same:** WHO MAY RECOVER UPON POLICY. Where an insurance policy

2 is intentionally issued to indemnify one holding the legal title, though not the beneficial owner of the property, against liability for an accident occurring upon the premises, such record owner alone can recover the benefits.

*Appeal from Pottawattamie District Court.*—Hon. E. B. WOODRUFF, Judge.

WEDNESDAY, JULY 5, 1911.

ACTION to reform insurance policy and for judgment thereon. On hearing, the petition was dismissed, and plaintiff appeals—*Affirmed.*

*Flickinger Bros.,* for appellant.

*Green & Breckenridge* and *Tinley & Mitchell,* for appellee.

LADD, J.—The defendant issued its policy of insurance February 15, 1905, agreeing to indemnify A. A. Gaines, of Council Bluffs, county of Pottawattamie, state of Iowa (called the assured), against loss by reason of the liability imposed by law upon the assured for damages for bodily injuries, fatal or nonfatal, accidentally suffered while this policy is in force, by any person or persons, by means of any elevator hereinafter described, for which a charge is included in the premium, or by means of the shaft or hoistway in which such elevator is operated, or the appliances, attachments, or appurtenances contained therein, or while such person or persons are in the car of any such elevator, or entering upon or alighting therefrom, or in the shaft or hoistway of same, during the period of twelve months, beginning on the 11th day of March, 1905, at noon, and ending on the 11th day of March, 1906, at noon, standard time, at the legal residence of the assured. The location of the building was described, and it was

stipulated, among other things, that no action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured himself for loss actually sustained and paid in money by him in satisfaction of a judgment after trial of the issue; and that "the interest of the assured in the elevators is that of owner." On October 18, 1905, Louisa Reed was injured by the negligent operation of the elevator, and in April, 1907, recovered judgment against John P. Greenshields and F. Everest, who were in charge of the building, for $5,000 damages, which they subsequently paid. Though the title to the premises was in Gaines, Greenshields, Everest, and others were the real owners, and the petition alleged that Gaines held the property in trust for the above-named persons and others, and that it was so understood when the policy was issued that through oversight it was made to read in the name of Gaines as owner, when it should have read to him as trustee and plaintiff, to whom, as trustee, the interests of the owners have been assigned, prayed that the policy be reformed by inserting after Gaines' name "trustee for the owners and parties interested in the building," and asserting therein that "the interest of the assured is that of trustee of the owners of the building and the parties interested therein," instead of that of owner, and that judgment be entered against it for the amount paid on the judgment mentioned with interest.

The right to the reformation of a policy of insurance upon a clear and satisfactory showing that through fraud or mistake it was not written as the parties intended is not questioned. See *Jamison v. Insurance*

I. INSURANCE: reformation of policy: fraud or mistake: evidence.

*Co.*, 85 Iowa, 229; 2 Clemens, Fire Insurance, 605. The controversy is solely one of fact, and that is whether the policy was as intended by the parties negotiating it. That defendant in issuing the policy was without knowledge that Gaines did

not own the premises is put beyond doubt by the evidence. He had acted as agent of the National Life Insurance Company in selling the premises, in pursuance of which that company contracted to convey the property to Gaines, but, though he received payments in behalf of the vendor from one of those now shown to have been interested in the purchase, he was not then aware of his interest, and might well have assumed that such person was acting as agent of the ostensible purchaser, and he was without information to the contrary.

Nor was there any evidence that those procuring the insurance intended the policy to be written differently than it was. McAllister, who acted for Greenshields and Everest, testified that he requested the company's agent to procure the first policy in the name of Gaines, and that thereafter policies including that in question were obtained through the agent without suggestion of any change. As said by the witness, he had "it made in the name of Gaines because he was the record owner of the building." As the policy then was written precisely as intended by all the parties to the transaction, there is no ground for inferring a mistake or oversight therein. That the real owners might well have seen to having the policy so written as to protect all concerned in the property will not justify the court in rewriting it. In the absence of proof of fraud or mistake, it seems unnecessary to say that equity will afford no relief in the way of reforming the contract.

It is insisted in appellant's brief that the real parties in interest may maintain the action, and that is true. But such real party to the contract of insurance is Gaines, and not the parties for whom plaintiff is trustee. The indemnity stipulated was for his benefit. He was a party to the action by Louisa Reed against Greenshields et al., and, on trial, the petition was dismissed as against him. As to him, then, there has been no breach of the terms of the policy

2. SAME: who may recover upon policy.

and as the evidence failed to show that it was written otherwise than as intended, the court rightly denied the relief prayed.—*Affirmed.*