Western Wheeled Scraper Company v. J. M. Stickleman and Joseph Litsch, Appellants.

Reformation of Instruments.    Equity will reform an instrument,
1    where, by reason of mutual misapprehension of the legal effect of the language used, it does not express the intention of the parties.

Same:    Evidence.    In an action on promissory notes, against
2    township trustees, sued individually, the evidence is considered and held sufficient to entitle them to have the notes reformed so as to bind the township.

*Appeal from Taylor District Court.*—Hon. H. M. Towner, Judge.

Monday, January 25, 1904.

ACTION on two promissory notes, each for $215. Defendants denied that the notes imported personal obligation of defendants, and in a separate division of their answer alleged that the language of the notes had been adopted by the parties by mutual mistake as to its effect, and that their intention was that defendants should execute notes which should be binding only on Polk township, of Taylor county, of which the defendants were trustees at the time the notes were executed; and the defendants asked that the notes be reformed to express the intention of the parties. The cause was transferred to the equity docket, and a trial was had, resulting in judgment for plaintiff against defendants individually. Defendants appeal.—*Reversed.*

*William E. Miller* for appellants.

*Flick & Jackson* for appellee.

McCLAIN J.—It appears without controversy that the notes were in printed form, the blanks being filled in by the agent of the plaintiff, and sent to defendants for signature, and when signed were both substantially in the form following, the written words being here printed in italics:

*"Polk Township, Taylor Co., Iowa.*

*"$215.00*                                                         *6 10th, 1896.*

*"On or before two years* after date *we* promise to pay to the Western Wheeled Scraper Co., or order at *Citizens* Bank of *Bedford, Iowa, Two Hundred fifteen* —— and —— ⁰⁰-₁₀₀ Dollars with interest at 6 per cent, per annum, payable annually, for value received, and if action is commenced hereon, attorneys fees for collection. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

''(Sign Officially)

|  |  |  |
|---|---|---|
|  |  | *"Trustees* |
| *"Polk* Township, ⎤ | Trustees | *J. M. Stickleman,* |
| *"Taylor* County ⎬ | of said | *Joseph Litsch.* |
| *"State* of *Iowa.* ⎦ | Township,'' |  |

We think it doubtful whether these notes on the face import individual liability of the defendants. It is true that in several cases decided by this court, among which are *Mathews v. Dubuque Mattress Co.,* 87 Iowa, 246, and *Revolving*

*Wheeled Scraper Co. v. Tuttle*, 61 Iowa, 423, we have held that instruments similar to those now before us conclusively import personal liability of the signers, and that in an action at law the intention that the instrument should bind the cor-. poration only, and not the officers, could not be inferred from the language of the instrument itself, nor shown by parol evidence. The court as now constituted would favor the conclusion reached by the dissenting judges in the *Mathews Case,* but the question need not now be further considered. See, however, *Lacy v. Dubuque Lumber Co.,* 43 Iowa, 510. This much is said to avoid any inference, which might otherwise be drawn, that the instruments now before us would be conclusive as to defendants' liability in an action at law.

On the issue as to reformation, we see no occasion to distinguish this case from those of *Lee v. Percival,* 85 Iowa, 639 ; *Hausbrandt v. Holfer,* 117 Iowa, 103 ; *Stafford v. Fetters,* 55 Iowa, ʻ484, and others in which we have held that, although the language of the instrument imports personal obligation, it may be shown by parol evidence that the intention of the parties was to execute an instrument not binding on the signer personally, and that parol evidence is admissible to show that, although the language used was that which the parties intended, such language, did not express their true intention, and that the instrument should be reformed in order that the intention might be carried out. This is not a case where a party is insisting that he did not know what language was used in the instrument voluntarily executed by him, or where he claims he did not understand the legal import of the language which expressed the intention of the other party, and which he voluntarily assented to; but it is one of that class of cases wherein a court of equity reforms the instrument because, by reason of mutual misapprehension of the parties as to the legal effect of the language used, the instrument does not express their intention. That the intention of the agent of the plaintiff who negotiated the sale of the road scrapers for which these two notes were executed was that defendants should in their official capacity

sign notes which should bind Polk township, and not them-
selves individually, is made perfectly clear by the evidence.
The prior negotiations as to the sale of the scrapers were had
with defendants with reference to a sale to the township, and
the payment by the township of the purchase price; and ac-
cording to the uncontradicted evidence, it was mutually un-
derstood that the instruments which defendants were to sign
would be instruments binding the township, and not the
parties individually. In pursuance of these negotiations, the
agent for plaintiff prepared the notes and sent them to de-
fendants for their signatures. The mutual intention that
the township, and not the defendants, should be bound, ap-
pears clearly and unequivocally from the fact that plaintiff's
agent was dealing with defendants in their official capacity,
and by the language of the instrument itself, in which the
defendants were directed to sign in that capacity. Such
intention on the part of the plaintiff also appears from the
fact that on the back of each of these notes is a memorandum
made by plaintiff's agent, "Given by Polk Township. Due,"
etc., and by the further fact that plaintiff instituted action
on these notes against Polk township, which action was sub-
sequently dismissed.

Our conclusion that a clear case for reformation of the
instrument is made out by the evidence, and that the equit-
able relief prayed should have been granted to defendants,
is supported by many authorities in this and other states;
but it is sufficient to cite the following in addition to those
above referred to: *Jamison v. State Ins. Co.,* 85 Iowa, 229;
*Hallam v. Corlett,* 71 Iowa, 446; *Reed v. Root,* 59 Iowa,
359; *Courtright v. Courtright,* 63 Iowa, 356, and cases re-
ferred to in 2 Pomeroy, Equity, section 845. The case now
before us is clearly distinguishable from that of *Marshall v.
Westrope,* 98 Iowa, 324, in that the question before the court
in that case was as to what was the real intention of the par-
ties. The trial court, therefore, erred in refusing to defend-
ants the equitable relief which they asked, and the judgment
for plaintiff is REVERSED.