WESTERN WHEELED SCRAPER COMPANY V. J. M. McMILLEN ET AL.

FILED APRIL 21, 1904.   No. 13,497.

1. **Promissory Note:** EXECUTION BY AGENT. The court is fully committed to the doctrine that, in order to exempt an agent from liability upon a negotiable note executed by him within the scope of his agency, he must not only name his principal, but he must express by some form of words that the writing is the act of the principal though done by the hand of the agent.

2. ――――: REFORMATION: PAROL EVIDENCE. Though the language of a note executed by directors of a corporation imports a personal obligation, it may be shown by parol evidence, on an issue of reformation, that the intention of both the makers and the payee was to execute an instrument binding the corporation only, and that, though the language was that which they intended, it did not express their true purpose.

ERROR to the district court for Thomas county: JAMES N. PAUL, JUDGE. Reversed with directions.

C. H. Holcomb, for plaintiff in error.

H. M. Sullivan, contra.

DUFFIE, C.

Plaintiff in error brought suit against the defendants in error upon three promissory notes, all in the following form:

"$84.         THEDFORD, NEBRASKA, NOVEMBER 20, 1893.

"One year after date we promise to pay to the Western Wheeled Scraper Company, or order, at Thedford Bank of Thedford, Nebraska, eighty-four and no-100 dollars, with interest at seven per cent. per annum, payable annually, for value received, and if action is commenced hereon, attorney's fees for collection.   (Sign officially.)

                    "J. M. McMILLEN,
                    "G W. MILLER,
                    "G. L. MATTHEWS,
        "Directors of Thedford Irrigation & Power Co.
        "(limited)."

McMillen and Matthews alone answered. Their answer consists, first, of a general denial. Second, they allege that the notes sued on were executed and delivered to the plaintiff by, for and on behalf of the Thedford Irrigation & Power Company (limited), a corporation organized under the laws of Nebraska, by their then duly qualified and acting board of directors, of whom the defendants were at that time members, and were signed by them in their official capacity, and for the purchase of a grading machine bought of the plaintiff for the use and benefit of the Thedford Irrigation & Power Company (limited); that the defendants never had or claimed any interest in said machine except as members and stockholders of said irrigation company, and that the consideration for said notes moved from said Western Wheeled Scraper Company to the said Thedford Irrigation & Power Company (limited), and that the plaintiff had always so considered and treated said notes; that defendants never received any value for said notes except as members of said corporation, and have

never assumed or agreed to assume any personal liability on said notes. To this answer there was a reply which is, in effect, a general denial of the allegations of the answer. The evidence tended to show that the defendants were members of the board of directors of the Thedford Irriga tion & Power Company (limited) at the time of the execu tion of said notes; that, prior to the making of the notes, defendants negotiated with an agent of the plaintiff for the purchase, for the use of the irrigation company, of a wheeled scraper to be used in the construction of its ditch; that it was finally agreed a scraper should be sent for and tested, and, if it worked as represented by the agent, the irrigation company would purchase the same, giving notes of the company therefor; that the test proved satisfactory to the directors, who purchased the machine for the com pany, and executed the notes in suit in the form above set out, supposing that they were binding the company and with no intent to make themselves individually responsible for their payment, and that the agent of the plaintiff tak ing said notes so understood.

The court, in its seventh instruction, told the jury:

"You are further instructed that if you should believe from a preponderance of all the evidence in this case that the three notes set out in plaintiff's petition were made and executed by the Thedford Irrigation & Power Company (limited), and if said notes were signed by said defendants with the intention and understanding to bind the Thed ford Irrigation & Power Company (limited), and not the signers of said notes as individuals, and if you should find from a preponderance of all the evidence that it was so understood by and between the agent of plaintiff and these defendants, at the time said notes were executed and de livered, then your verdict should be for the defendants, 'No cause of action.' "

The jury returned a verdict for the defendants, and the plaintiff has brought the record to this court for review.

The petition in error, among other matters, alleges "that the court erred in permitting the defendants to in-

troduce oral testimony tending to prove a different con-
tract than that set out in the written contract, namely, the
notes sued upon," and in giving the instruction above
quoted and other instructions which it is unnecessary to
discuss. The general rule undoubtedly is that, on account
of the qualities which the law annexes to negotiable in-
struments, none are bound except those who appear on the
face of the instrument as bound, and, accordingly, ex-
trinsic evidence can not be admitted to charge parties
whose names do not appear on the face of the instrument.
In 4 Thompson, Corporations, sec. 5141, it is said:

"The modern doctrine seems to be that, where individ-
uals subscribe their proper names to a promissory note,
they become *prima facie* liable personally upon the same,
although they add a description of the character in which
the note is given; but such presumption of liability may be
rebutted by proof that the note was in fact given by the
makers as agents of a corporation, for a debt of the cor-
poration, due to the payee, and that they were lawfully
authorized to make such note as agents of the corporation;
and such facts may be pleaded in bar of the action against
the makers personally, averring knowledge on the part of
the payee." He states further: "It is no objection to such
a defense that the name of the corporation is not correctly
stated in the description attached to the signature; it is
enough if it appear that the makers did not intend to be
personally bound. But it should be shown that the payee
of the note had knowledge, or at least the full means of
knowledge, that the makers of the note were promising as
agents, duly authorized, of the corporation; for 'it is well
settled that a man, contracting with another, can not
shield himself as agent, unless he give notice at the time
that he is so, or it be known in some other way to the per-
son with whom he deals.' "

It is undoubtedly true that the modern cases are more
liberal than was formerly the case in allowing one who
signs a negotiable instrument, designating himself as agent
or trustee, to show by parol evidence that he was acting

47

for another, who received all the benefits of the considera-
tion for which the note was given. *Keidan v. Winegar,*
95 Mich. 430, 20 L. R. A. 705, is a case in point; and other
cases referred to in the notes of the editor will furnish
examples of the relaxation of the rule adopted by the
courts at an earlier date upon this question. If this court
had not put itself on record, we should be disposed to fol-
low the modern decisions, but as early as 1886, in *Webster
v. Wray,* 19 Neb. 558, the court, after a full review of the
authorities, held that "no party can be charged as prin-
cipal upon a negotiable note or bill of exchange unless his
name is thereon disclosed," and it was further held in that
case that parol evidence was not admissible to show that
one who appeared upon the face of the notes to be the
maker was in fact acting as agent for another, or as the
officer of some corporation which had received the benefit
of the consideration. This case was followed by *Andres v.
Kridler,* 47 Neb. 585, where suit was brought upon a note
made and signed substantially in the manner of those in
suit, and it was held that, "where the pleadings disclose a
cause of action against a defendant personally, superadded
words, such as 'agent,' 'executor,' or 'director' should be
rejected as *descriptio personæ.*"

We think this court is now fully committed to the doc-
trine that in order to exempt an agent from liability upon
an instrument executed by him within the scope of his
agency, he must not only name his principal, but he must
express by some form of words that the writing is the act
of the principal, though done by the hand of the agent. If
he expresses this, the principal is bound and the agent is
not; but a mere description of the general relation or office
which the person signing the paper holds to another person
or to a corporation, without indicating that the particular
signature is made in the execution of the office and agency,
is not sufficient to charge the principal, or to exempt the
agent from personal liability. There was evidence which
would fully support a finding that, in executing these
notes, the defendants did not intend to bind themselves

personally, and that the plaintiff's agent was not only fully aware of that fact and understood that he was taking the notes of the corporation, but assisted and advised as to the form in which the notes should be drawn in order to make them the obligation of the corporation. This being the case, the defendants, upon a proper plea, would be entitled to have the notes reformed to express the real intention of the parties. *Western Wheeled Scraper Company v. Stickleman,* 122 Ia. 396, and authorities there cited.

We recommend, therefore, that the case be reversed and remanded to the district court, with directions to allow the defendants to amend their answer if they so elect, otherwise to enter judgment for the plaintiff for the amount due upon the notes.

LETTON and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded to the district court, with directions to allow the defendants to amend their answer if they so elect, otherwise to enter judgment for the plaintiff for the amount due upon the notes.

REVERSED.