CHRISTIAN SULTZER, Appellant, v. WALTER B. LUTZ, Appellee.

PRINCIPAL AND AGENT: Personal Obligation of Agent. An agent, while acting for his principal, may personally obligate himself to a third person with reference to the matter which he is handling for his principal. Evidence reviewed, and held insufficient to show that a bank cashier, while acting for the bank, had agreed to pay a specified indebtedness from the proceeds of a mortgage loan made by the bank.

*Appeal from Polk District Court.*—THOMAS J. GUTHRIE, Judge.

NOVEMBER 16, 1918.

THE necessary facts are stated in the opinion.—*Affirmed*.

*S. B. Allen,* for appellant.

*John L. Gillespie,* for appellee.

STEVENS, J.—On January 14, 1914, plaintiff signed a note, as surety, for $300, payable to the Home Savings Bank of Des Moines, on demand. The principals on the note are A. A. and Emma George. The defendant is an officer of the bank. The makers failed to pay the note, and judgment was obtained against plaintiff for the amount thereof. It appears from the evidence that A. A. George had become somewhat involved financially, but his wife was the owner of two separate tracts of real estate in the city

of Des Moines, on one of which there was an encumbrance of $260. The cashier of the Home Savings Bank advised her to procure a loan upon her property, and pay her husband's debts; whereupon, she arranged to procure a loan of $1,600 from the bank, securing the payment thereof by mortgage upon her real estate. Defendant told Mrs. George that the encumbrance above referred to would have to be released before a loan could be made on the property, and offered to let her have the money for that purpose upon her note, signed by plaintiff as surety. Plaintiff alleged in his petition that he signed the note, relying upon the oral promise of defendant to see that same was paid out of the $1,600 loan; also, he claimed that defendant told him the note was for the temporary purpose of clearing the title to the property, and that, when the abstract was brought down, it would be taken care of.

The defendant, however, claims that the note was given to the bank, by which the $1,600 loan was made to Emma George; that he had no interest in the matter, except as an officer of the bank for which he acted in the transaction; that he assumed no personal obligation whatever; and that the alleged oral promise was wholly without consideration, and not binding upon him.

It is, of course, familiar doctrine that an agent may personally bind himself while acting for another. *Triplett v. Jackson,* 130 Iowa 408. Whether, however, the agent who discloses his principal does so bind himself depends upon the intention of the parties at the time. In the case at bar, plaintiff knew that his daughter was borrowing $300 of the bank; that the defendant was cashier thereof; that the money was to be used for the purpose of clearing the title to certain real property, preparatory to later obtaining a loan of $1,600 from the bank; that the defendant was interested therein only as an officer of the bank: and, as we view the evidence, he could not have understood

or believed that defendant intended to, or did, bind himself personally to either pay the note or see that it was paid, out of the $1,600 loan. It does not appear from the evidence that George was indebted to the bank, or that the bank had authority to say what should be done with the borrowed money. All of the parties understood that a loan was to be made for the purpose of paying the debts of A. A. George. Indeed, the bank appears not to have had a list of the various items of indebtedness owed by George, until after the $1,600 loan was consummated. Mrs. George testified that she then took a list of the various items to the bank, among which the note in question was listed. She testified that defendant told her that the note would not be paid out of the loan; but, so far as the record discloses, she had full control over the money, and authority to direct what debts should be paid thereby. It would seem hardly probable that defendant would have declined to permit Mrs. George to pay the $300 note if he had assumed some personal obligation to see that the $1,600 was used for that purpose. The evidence does not show to whom the several items of indebtedness owed by George were due, nor, except inferentially, what was, in fact, done with the $1,600. We assume, however, that it was paid upon George's debts. Giving the most favorable construction possible to the evidence, we fail to find sufficient therein to justify plaintiff's contention that defendant personally bound himself to deduct the amount of the note from the loan, for the purpose of paying same, or that plaintiff, at the time, so understood the transaction.

We reach the conclusion, upon the whole record, that defendant clearly acted only for the bank; that plaintiff so understood; and that defendant neither intended to, nor did, assume the obligation of paying the $300 note, or of applying the necessary portion of the $1,600 loan to the payment thereof. There was nothing to submit to the jury, and

the court, therefore, rightly sustained defendant's motion to direct a verdict in his behalf, and its judgment is—*Affirmed*.

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.