**G. E. CONKEY COMPANY, Plaintiff,**

v.

**Robert A. BOCHMANN, Defendant and Third Party Plaintiff,**

v.

**Jack NYLEN, Third-Party Defendant.**

Civ. No. 1265.

United States District Court
N. D. Iowa, W. D.
Aug. 5, 1963.

Whicher & Yaneff, Sioux City, Iowa, for plaintiff.

John E. Hutchinson, Sioux City, Iowa, for defendant.

HANSON, District Judge.

Pursuant to the terms of a contract, Exhibit A, between plaintiff and defendant, the defendant purchased from plaintiff certain merchandise, and on the delivery of each of such purchases, defendant executed to the order of plaintiff his promissory notes. The notes total the sum of $11,241.27. The plaintiff now claims that the notes are due and owing. The notes are shown as Exhibits B–1 through B–25. The important parts of these agreements read as follows:

"EXHIBIT A:

"On or before ——— days from date I promise to pay G. E. Conkey Co., Nebraska City, Nebr., the amount evidenced by Delivery Receipt Notes executed by me at time of taking delivery of above feeds, payable to the order of G. E. Conkey Co., said notes to bear interest at rate of 6% per annum from date of signing until paid.

This feed shall be fed to (No., Weight and Description) 12,000 Capons. * * *

It is further agreed that if all animals are sold at one time, before maturity of the contract, the entire sum is due at once. * * *

"/s/ Robert A. Bochmann"

Exhibit A was signed June 1, 1960.

Each of the notes, Exhibits B–1 through B–25, are signed by Robert A. Bochmann and state that on or before the maturity date set forth in contract No. 213, Exhibit A, the note will be paid. The sum of money is different in the notes depending upon how much feed was delivered at the time that particular note was executed. Each note recites that it is in consideration of the sale and delivery of goods and each note shows the amount of goods delivered at the time the note was executed.

The notes bear dates ranging from June 17, 1960, to November 29, 1960. The notes are marked paid, but they were not in fact paid. There is no fact question on that issue. The issue arose because the plaintiff received the checks shown as Exhibits D–1 through D–4 and the notes were then marked paid before it was discovered that the said checks would be dishonored.

The defendant claims that any receipts for merchandise signed by this defendant were signed as agent for and at the order and request of one Jack R. Nylen. The Answer also claims that by reason of plaintiff's directing the sale of the capons, Bochmann was not liable. This was deleted from the substituted Answer.

By leave of Court the defendant has impleaded Jack Nylen. The petition alleges: (1) That just prior to the 1st day of June, 1960, the said Jack Nylen entered into an agreement with the said Robert Bochmann, whereby the said Robert Bochmann would contract for and receipt for feed from the plaintiff, said feed to be fed to the capon poults of the said Jack Nylen; (2) that Nylen was Bochmann's principal and was the real party to the contract; and, (3) that the consideration ran from plaintiff to Nylen.

A certain amount of evidence has been introduced by way of interrogatories. According to the answers of the defendant to plaintiff's interrogatories, the Nyco Corporation is an Iowa corporation and its officers are Jack Nylen and June Nylen. The defendant has never sold capons to the Nyco Corporation.

Robert A. Bochmann admits that Exhibit A, Exhibits B–1 through B–25, inclusive, and Exhibits D–1 through D–4, inclusive, are genuine and contain the signature of Robert A. Bochmann. He admits that he signed Exhibit A and Exhibits B–1 through B–25 on or about the dates indicated thereon.

Robert A. Bochmann admits that the checks, Exhibits D–1 through D–4, were tendered to pay the plaintiff as payment for the notes, Exhibits B–1 through B–25. He says that to the best of his knowledge, the checks, Exhibits D–1 through D–4, were dishonored for insufficient funds.

The Deposition of Robert A. Bochmann was taken. Also the parties have

filed affidavits. The President of G. E. Conkey Co., Harold E. Fouts, signed an affidavit stating that:

"That there is justly due and owing the said G. E. Conkey Co. from the said Robert A. Bochmann the sum of Eleven Thousand Three Hundred Ninety Six Dollars and Sixty Seven Cents ($11,396.67) figuring interest to November 29, 1960, together with interest on the sum of Eleven Thousand Two Hundred Forty One Dollars and Twenty Seven Cents (11,-241.27) from and after November 29, 1960, at the rate of Six Percent (6%) per annum."

This has not been contradicted.

An affidavit was signed by Robert A. Bochmann saying:

"That I have a good and valid defense to the complaint of the plaintiff since I was merely acting as an agent for the Third-Party Defendant herein (b) that I never received any of the merchandise referred to in the plaintiff's petition (c) that the plaintiff was aware that such merchandise was being sold to the Third-Party Defendant since the named, Lloyd Anderson, of the Conkey Company, was aware of this fact and a party to the true transaction involved herein as stated in the deposition upon which the plaintiff relies."

Rule 56 of the Federal Rules of Civil Procedure dealing with the use of affidavits in summary judgment matters has recently been amended. The rule now makes it clear that answers to the interrogatories on file may be considered. The rule was changed to make clear that:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

The deposition of Robert A. Bochmann shows that he knew that the Conkey Company was relying upon his credit.

■ There are no issues of fact which would be necessary to resolve in order to determine the liability of Robert A. Bochmann. It has been admitted that Exhibits A and Exhibits B-1 through B-25, inclusive, are genuine and contain the signature of Robert A. Bochmann, the defendant. The execution of these instruments is admitted. The President of G. E. Conkey Co. has signed an affidavit stating that the amount of $11,-396.67 is now due and owing under the agreements. This has not been contradicted by the defendant. Under Rule 56 as amended, this is sufficient to show that the sum alleged has not been paid.

■■ The defendant, Bochmann, has admitted that he was pledging his own credit to G. E. Conkey Co., but claims that he was acting as the agent of Jack Nylen.

Wheeler Lumber Bridge and Supply Co. v. Anderson, 249 Iowa 689, 86 N.W. 2d 912 is exactly on point. In that case, the court said:

"Defendant's first specification of error is that the trial court failed to recognize defendant, in the entire transaction, was acting as agent of the Insulating Co., and not in his individual capacity. It overlooks or ignores what we deem convincing evidence that defendant was acting in a dual capacity; we might even say overwhelming evidence, were we charged with the duty of determining the weight of evidence, which of course we are not.

"An agent, while acting for his principal, may personally obligate himself to a third person with reference to the matter he is handling for his principal. Sultzer v. Lutz, 184 Iowa 1031, 169 N.W. 341.

" 'Although his agency is known, his principal disclosed, and his authority adequate, an agent may, by express promise or undertaking, or by implication from words or conduct, ex-

clusively pledge his own credit.' 3 C.J.S. Agency § 215c. Here defendant did so by express promise.

"Defendant had already, in writing, agreed with the Insulating Co. to use his credit for its benefit. We have no doubt on this Record that he intentionally did just that on this occasion by an original, direct, pledge of his credit to plaintiff. It was not collateral to any contract between plaintiff and the Insulating Co., though the lumber was charged to it on plaintiff's books. It was defendant's direct debt, not collateral to the Insulating Co.'s. Plaintiff had already refused to sell to it on its own credit."

In that case, Anderson was a representative of an insulating company. Anderson approached the Wheeler Lumber Co. to sell the insulating company lumber on credit. Wheeler refused to extend credit to the insulating company. Thereafter, Anderson agreed to pledge his credit for the lumber if Wheeler would sell the lumber to the insulating company. In the Anderson case, the agreement was oral. In the present case, the agreement is in writing.

Bochmann has readily admitted in his deposition that he signed the contracts as an aid to his friend, Jack Nylen. In the Third-party Complaint, Bochmann asserts that the plaintiff would not extend credit to Jack Nylen alone because of the status of the credit of the said Jack Nylen. These facts bring the case squarely within the rule of the Anderson case.

It is also the rule that a party who signs for an undisclosed principal is personally liable on the contract. In this case, there is nothing on the face of the agreements to show that Bochmann was signing as an agent. The dealer's signature appears but as a witness only. The parol evidence rule will be discussed although it is not necessary to decide the case on the basis of it because Bochmann has admitted that he was pledging his own credit.

In a number of cases, it has been held that where the name of the principal appears on the contract, this is sufficient to allow extrinsic evidence to explain why it is on the contract, but not to contradict the contract.

In the present case, the contract shows why the principal's name is on it. It is there only as a witness. To show anything else, would be to contradict the writing.

■ Where only the name of the alleged principal appears, and nothing to link the signer with the principal appears on the contract, there is not sufficient ambiguity to admit parol evidence to explain that the signer was not a party to the note. Austin, Nichols & Co. v. Gross, 98 Conn. 782, 120 A. 596 (Conn.); Shoenthal v. Bernstein, 276 App.Div. 200, 93 N.Y.S.2d 187; Western Wheeled v. McMillen, 71 Neb. 686, 99 N.W. 512; Owens v. William H. Banks Warehouses, 5 Cir., 202 F.2d 689.

There is no Iowa decision on parol evidence in a case that is factually the same as the present case. The Iowa decisions on this problem, however, have generally made it very difficult to admit parol evidence. The Iowa decisions are in accord with Section 323 of Restatement of Agency. See Consumers Twine v. Mt. Pleasant Thermo Tank Co., 196 Iowa 64, 194 N.W. 290; Matthews v. Dubuque Mattress Co., 87 Iowa 246, 54 N.W. 225, 19 L.R.A. 676; Day v. Ramsdell, 90 Iowa 731, 57 N.W. 630, 52 N.W. 208; Capital Savings v. Swan, 100 Iowa 718, 69 N.W. 1065; Western Wheeled v. Stickleman, 122 Iowa 396, 98 N.W. 139; Farmers National Bank v. Hatcher, 176 Iowa 259, 157 N.W. 876.

The Iowa decisions do not report a decision factually the same as the present case. However, Section 323(3) of Restatement of Contracts does cover this case:

"If the fact of agency does not appear in an integrated contract, an agent who appears to be a party thereto can not introduce extrinsic

evidence to show that he is not a party, except:

"(a) for the purpose of reforming the contract; or

"(b) to establish that his name was signed as the business name of the principal and that it was so agreed by the parties."

In the present case, Bochmann does appear unambiguously as a party to the contract. The contract does not show that the feed was to be used for any business other than that of the parties to the contract.

The other contention raised by the defendant, Bochmann, is that he never received any of the merchandise and that the plaintiff was aware that such merchandise was being sold to Jack Nylen.

Lack of consideration was not pleaded and the deposition shows a consideration.

As shown before, it is no defense that the principal was known if the parties intended that Bochmann was pledging his own credit. In this case, Bochmann has admitted that he was pledging his own credit as a friend of Jack Nylen. In doing this, Robert A. Bochmann bound himself personally upon the contracts.

Accordingly, this Court concludes as a matter of law that the Motion for Summary Judgment should be granted, and accordingly, judgment will be entered.

It is ordered that the cause of action of the Third-Party Plaintiff, Robert A. Bochmann, against the Third-Party Defendant, Jack Nylen, is not now being adjudicated.

It is further ordered that the foregoing shall constitute the findings of fact, conclusions of law, and order for judgment in this case. Rule 52(a) of the Federal Rules of Civil Procedure.