George Kelrick, Plaintiff-Appellee, v. Hannah L. Koplin, Harry Koplin and Glencoe National Bank, Defendants, Hannah L. Koplin, Defendant-Appellant.

Gen. No. 50,623.

First District, Second Division.

July 7, 1966.

Rehearing denied and opinion modified
September 20, 1966.

Brown, Dashow & Langeluttig, of Chicago (Jack Joseph, of counsel), for appellant.

Marovitz, Powell & Pizer, of Chicago (Harold Marovitz and Joseph H. Horwich, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from the granting of a motion for summary judgment in the Circuit Court of Cook County, June 26, 1964, and from an amended summary judgment entered February 17, 1965. The appellant urges that a sufficient question of fact was presented to the court below to prevent the entering of summary judgment, that the finding that there was no just reason to delay enforcement or appeal was error, and that the allowance of interest in this action for conversion was improper.

The original complaint in this action was filed February 3, 1958, by George Kelrick, doing business as National Jewelry Co., against Hannah L. Koplin, Harry Koplin and the Glencoe National Bank. That complaint alleged that the plaintiff had delivered to Hannah L. Koplin certain articles of jewelry under a contract of bailment under which Mrs. Koplin was permitted to take the jewelry with her for the purposes of inspection. It was alleged that the jewelry was never returned, although demand was made of Mrs. Koplin. A temporary injunction was issued which ordered the Glencoe National Bank not to permit the removal of the articles of jewelry from a safe-deposit box rented by the defendants. This injunction was set aside by this court in Kelrick v. Koplin, 19 Ill App2d 301, 153 NE2d 481 (1958). On December 29, 1958, the complaint was amended to add a Count II which realleged the facts in the earlier complaint, and also alleged the value of the jewelry in the possession of Hannah Koplin to be $5,818.75. The plaintiff sought recovery in that amount. The original Count I was eventually dismissed and is not before us now.

An answer and counterclaim was filed in which it was alleged that Kelrick owed Harry Koplin the sum of $10,000. It was said that Harry Koplin accepted in

65

partial payment the items of jewelry in question. It is also alleged that Hannah Koplin was acting solely as agent for her husband when she picked up the jewelry at the plaintiff's store. It is alleged that the printing on the form signed by Hannah Koplin did not represent the true agreement between the parties. The counterclaim asks a judgment in the amount of $4,181.25 plus interest, that sum being $10,000 less the value of the jewelry received.

A motion for summary judgment was subsequently filed in the Circuit Court asking that the counterclaim of Harry Koplin be dismissed with prejudice for the reason that a Kentucky court had determined that the $10,000 debt claimed by Mr. Koplin was not owed to him, thereby making the subject matter of the counterclaim res judicata. The motion for summary judgment also asked that a judgment be entered for the plaintiff in the sum of $5,818.75 plus interest thereon. After the filing of affidavits and interrogatories, the court below entered summary judgment for the plaintiff on his claim against Hannah Koplin in the sum of $5,818.25 plus interest in the sum of $2,401.06. The counterclaim was continued generally.

The plaintiff then sought to enforce his judgment, but discovered that there was no finding that there was no just reason to delay enforcement or appeal. As the counterclaim was still pending in the Circuit Court, the judgment granted the plaintiff was as yet unenforceable. Ill Rev Stats 1963, c 110, § 50(2). The plaintiff then went back to the Circuit Court and had the judgment amended to show that there was no just reason to delay enforcement or appeal. The appeal was then brought to this court.

The first question we shall consider is whether or not there was a question of fact that would preclude the granting of a motion for summary judgment. Ill Rev Stats, 1963, c 110, § 57 provides

"(3) . . . The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

It is undisputed among the parties that Mrs. Koplin went to the store of Kelrick and took certain jewelry. It is also undisputed that certain items were returned and other items taken in place of the returned merchandise. The dispute among the parties turns on whether Mrs. Koplin took the merchandise for herself, or whether she was merely acting as agent for her husband. As we noted above, Mr. Koplin claims *he* took the jewelry in part payment for a debt of $10,000 owed him by Kelrick. The Koplins maintain that Mrs. Koplin merely acted as agent for her husband in taking the jewelry from the store. They say that this was known by Kelrick, and that the only reason Kelrick is suing Mrs. Koplin for the return of the merchandise is she has no counterclaim against Kelrick while her husband does. Kelrick, on the other hand, denies these allegations and further claims that such evidence as is offered by the Koplins is barred by the parol evidence rule.

The writing in question is headed MEMORANDUM, and shows "From National Jewelers Co., 630 5th Ave., New York, N. Y.; To Mrs. Hannah Koplin, 547 Greenleaf, Glencoe, Ill." Immediately under this there is printed on the form, the following:

"The goods described and valued as below are delivered to you for examination and inspection only and remain our property subject to our order and shall be returned to us on demand. Such merchandise, until returned to us and actually received, are at your risk from all hazards. No right or power is given to you to sell, pledge, hypothecate or other-

wise dispose of this merchandise regardless of prior transactions. A sale of this merchandise can only be effected and title will pass only if, as and when we the said owner shall agree to such sale and a bill of sale rendered therefor."

Following this there is a list of jewelry. Some of the items have been crossed off and marked returned; other items were added to the list after it was originally signed. The memorandum is signed "H. Koplin." It is admitted that this is Mrs. Koplin's signature.

██ It seems clear that on its face, this document is a contract of bailment whereby National Jewelers Co., the store owned by Kelrick, agreed to allow Hannah Koplin to take certain jewelry for inspection, and Hannah Koplin agreed to assume responsibility for the jewelry given her. We note that nowhere is there a mention of agency of any kind, nor is there any place where the name of Harry Koplin appears. The rule is set forth in III Corbin on Contracts, § 573 as, "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." Corbin in that same section urges the issues involved in the application of the parol evidence rule to be "(1) Have the parties made a contract? (2) Is that contract void or voidable because of illegality, fraud, mistake or any other reason? (3) Did the parties assent to a particular writing as the complete and accurate 'integration' of that contract?"

We have already held that this writing constitutes a contract; we assume the parties recognize this by virtue of the fact that none of them raised this question on appeal. As to the other two questions posed by Corbin there is more difficulty. The contract certainly would

not seem to be void or voidable because of fraud or illegality, and the only possible mistake made was the signing by Mrs. Koplin in her own right rather than as agent for her husband. It may safely be assumed that Mrs. Koplin would say that the writing did not integrate the understanding she had with Kelrick. According to Corbin, any relevant evidence would be admissible to show mistake or a lack of integration of a previous agreement. Other authorities, however, would seem to be less liberal with regard to the admission of such evidence in a situation such as this.

■ As the Restatement, Second, Agency, § 322 makes clear, an agent making a contract for an undisclosed principal is himself a party to the contract. Restatement, Second, Agency, § 323 reads:

> "(3) If the fact of agency does not appear in an integrated contract, an agent who appears to be a party thereto can not introduce extrinsic evidence to show that he is not a party, except:
>
> "(a) for the purpose of reforming the contract; or
> "(b) to establish that his name was signed as the business name of the principal and that it was so agreed by the parties."

There is no basis for finding that Mrs. Koplin signed her name as the business name of her husband and there has been no equitable claim that the contract be reformed. It would seem under the Restatement rule, therefore, that Mrs. Koplin would be barred from bringing in parol evidence to show that it was her husband and not herself who was the true contracting party. The cases would seem to bear out this conclusion.

■ We have been cited to no Illinois cases, nor have we found any, where with an unambiguous contract an agent was permitted to bring in parol evidence to show that he should not be personally liable on the instrument

or agreement. We believe the rule is set forth in 32A CJS, § 991 at page 502 where it is said: "If a simple contract is on its face the undertaking of the agent only, no reference being made to any representative capacity, or if it is otherwise made in a manner to bind the agent personally, parol evidence will not be received to exonerate the agent from liability thereon." We have read cases from several jurisdictions on this point, and all seem to uphold this rule. G. E. Conkey Co. v. Bochmann, 220 F Supp 284 (ND Iowa, 1963) ; Mid-American Corp. v. Miller (Okl), 372 P2d 14 (1962) ; Serio v. Chadwick, (La), 66 So2d 9 (1953). In Knickerbocker Portland Cement Co. v. State, 218 App Div 22, 217 NYS 652 (1926) it was held that where an agent signed a contract in his own name and the contract nowhere mentioned the existence of an agency or the name of the principal, parol evidence was not admissible to show that the agent was not personally liable. This case held, as many others have, that parol evidence is admissible to show that the principal should be bound along with the agent, but we need not go into that question here. Nor will we discuss the circumstances where an agent held liable under these circumstances will have a right of action against his principal.

In this case, the appellants have claimed there was a question of fact as to whether Mrs. Koplin was the agent for her husband. We believe that such testimony would violate the parol evidence rule as Mrs. Koplin signed a writing that was clear and unambiguous on its face.

It is claimed that the signature is ambiguous in that it is signed H. Koplin. It is urged that this could stand either for Harry Koplin or Hannah Koplin. It seems to be admitted, however, that it was Mrs. Koplin who signed this contract. The top of the paper has her name as the one who is receiving the merchandise. This being so, the signature H. Koplin no longer remains ambiguous.

70

■ The next question before us is whether the court below acted properly in finding that there was no just reason to delay enforcement or appeal. Ill Rev Stats, 1963, c 110, § 50(2). The appellee points out that we would have this case in two separate appeals if this is allowed—the present proceedings and an appeal concerning the counterclaim for the balance due on the claimed $10,000 debt. We must say that we reviewed the record and we cannot say that the court below abused his discretion in making the finding he did.

■ The final question raised in this appeal is whether it was improper for the court below to have allowed interest on the amount found due. It is the general rule that interest is recoverable in actions on conversion only where there has been an unreasonable and vexatious delay of payment. Ill Rev Stats, 1963, c 74, § 2. Geohegan v. Union El. R. Co., 266 Ill 482, 107 NE 786 (1915), ILP, Damages, § 65. The reasonable defense of a suit does not constitute unreasonable and vexatious delay. People ex rel. Carpentier v. Central and Southern Truck Lines, Inc., 17 Ill2d 120, 160 NE2d 777 (1959), Geohegan v. Union El. R. Co., supra. In this case there seems to have been an honest dispute concerning a claimed $10,000 debt. We have been shown nothing in this case which would permit a finding that the delay in payment was unreasonable and vexatious. This being so, the court below acted improperly in assessing interest charges against the appellant. The judgment of the Circuit Court is modified to assess only $5,818.25, the principal amount as damages against Hannah L. Koplin, and as modified, the judgment is affirmed.

Judgment modified and as modified, affirmed.

LYONS and BURKE, JJ., concur.