## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Burr, Morris & Pardoe
Project Sales, Inc.

v.

DeLuca Construction Corp. et al.

March 15, 1983

Case No. (Law) 7795

By JUDGE ALBERT H. GRENADIER

This case comes on to be heard upon the defendants' demurrer to the amended motion for judgment. Although the defendants have assigned several grounds for their demurrer, they rely most heavily upon their assertion that the plaintiff has no standing to bring this action. As a resolution of this threshold issue may render moot the other issues raised in the demurrer, the Court will first direct its attention to that issue.

The plaintiff alleges in Counts I and II of its amended motion for judgment that the defendants are indebted to it for sales commissions due under a contract dated August 25, 1980, between the defendant DeLuca Construction Corporation and Burr, Morris & Pardoe Project Sales, Inc. ("Project Sales"). It further alleges that "Project Sales" was acting on its behalf as its "special agent" in making the contract, that the defendants were aware of this relationship and that the plaintiff, not "Project Sales," would be performing the services called

for in the contract. Count III of the amended motion for judgment alleges fraud and misrepresentation on the part of the defendants in derogation of the plaintiff's rights under the subject contract. It is conceded by counsel for purposes of this demurrer that "Project Sales" was not licensed by the Commonwealth of Virginia to operate as a real estate broker or agent at all times relevant herein.

In Virginia a contract made with an unlicensed agent is illegal and void in its inception and the agent may not recover compensation for services in negotiating a sale under such contract. *Grenco Real Estate Investment Trust v. Nathaniel Greene Development Corporation*, 218 Va. 228 (1977); *State Realty Company, Inc. v. Wood*, 190 Va. 321 (1950). Nor can the assignee of such a contract recover compensation for such services, even if he is duly licensed. *State Realty Company, Inc. v. Wood, supra.* It is clear, therefore, that by virtue of the relevant case law in Virginia neither "Project Sales" nor any assignee, whether or not licensed, may recover sales commissions from the defendants under the contract of August 25, 1980.

The plaintiff argues that notwithstanding the language contained in the written contract, under the partial integration doctrine, a recognized exception to the parol evidence rule, parol evidence is admissible to show that it, and not "Project Sales" was the agent.

The parol evidence rule dictates that "parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to alter, vary, contradict, add to, subtract from or explain the terms of a complete, unambiguous, unconditional written instrument." *Durham v. National Pool Equipment Company of Virginia, Inc.*, 205 Va. 441, 446 (1964).

There are two exceptions to the parol evidence rule, the partial integration doctrine and the collateral contract doctrine. These exceptions and the scope of their application are clearly defined in Virginia. In *High Knob, Inc. v. Allen*, 205 Va. 503 (1964), the Court said at p. 506:

> It is universally accepted that parol or extrinsic evidence will be excluded when

offered to add to, subtract from, vary or contradict the terms of a written contract. But there are well recognized exceptions to the rule. Where the entire agreement has not been reduced to writing, parol evidence is admissible, not to contradict or vary its terms, but to show additional independent facts contemporaneously agreed upon, in order to establish the entire contract between the parties. This is generally referred to as the partial integration doctrine (citations omitted).

Another exception to the rule, which is similar in many respects to the partial integration doctrine, is the collateral contract doctrine. Under this doctrine the parol evidence rule does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing. (Citations omitted)

See also *Durham v. National Pool Equipment Company of Virginia, Inc., supra; Slaughter v. Smith,* 97 Va. 202 (1899).

In *U.S. v. Foster,* 386 F. Supp. 764 (D.C. Canal Zone 1975), the Court held that where the contract is complete and unambiguous, the parol evidence rule prevents evidence from being offered to change the name of one party to the contract from one entity to another. In *Kelrick v. Koplin,* 73 Ill.App.2d 63, 219 N.E.2d 758 (1966), the Court held that parol evidence tending to show that a party executed a contract as an agent for another was inadmissible where the contract was clear and unambiguous on its face and there was no reference made to representative capacity.

In this case the entire agreement between "Project Sales" and DeLuca Construction Corporation was reduced to writing. The agreement on its face was complete in every respect. The parties to the agreement were specifically named therein and their rights and duties spelled out insignificant detail. There was no ambiguity or uncertainty with respect to the identity of the contracting

parties. There is no language in the agreement to indicate that "Project Sales" was acting on behalf of another entity. Nor does the agreement create such an inference.

The Court is of the opinion that the admission of parol evidence to substitute a third party not named in the agreement for one of the contracting parties or to create an agency relationship would contradict and vary to a significant degree a part of the contract which is completely unambiguous and unconditional. The partial integration doctrine cannot apply in such an instance. Nor is the collateral contract doctrine applicable. The identity of the parties to an agreement, as stated in the agreement, is an integral part of the agreement and is clearly "embodied in the writing."

As the contract in question is illegal and void in its inception and parol evidence is inadmissible to vary or contradict its terms, it is the opinion of the Court that the plaintiff partnership may not recover for any of the causes of action alleged in the amended motion for judgment. A reasonable application of the principles enunciated in the relevant case law permits the Court to reach no other conclusion. Accordingly, the demurrer will be sustained and the amended motion for judgment dismissed.